828 P.2d 180

**STATE of Arizona, Appellee,**

v.

**John Matthew ZIERDEN, Appellant.**

**No. 1 CA–CR 91–068.**

Court of Appeals of Arizona,
Division 1,
Department D.

March 10, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Daniel J. Kiley, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

TAYLOR, Presiding Judge.

John Matthew Zierden ("defendant") was tried by jury and convicted of forgery, a class 4 felony, with two prior felony convictions. The trial court sentenced the defendant to a presumptive term of ten years imprisonment and ordered him to pay restitution for an uncharged forgery offense. The issue we must decide is whether a trial court may order a defendant to pay restitution for an uncharged offense which the defendant is alleged to have admitted in post-arrest statements to the police but did not admit to the court.

## FACTS AND PROCEDURAL HISTORY

On the morning of June 21, 1990, Linda Bogat, while working at a McDonald's restaurant, left her purse in an unsecured locker. A co-worker took Ms. Bogat's checkbook and check guarantee card from her purse and gave them to defendant and Frances Jorgensen ("co-defendant") to make purchases for the co-worker and for defendant and co-defendant.

That afternoon, after purchasing a television set at a department store for the co-worker, defendant and co-defendant purchased some merchandise from Smitty's grocery store in the amount of $73.30, paying for these goods by using Ms. Bogat's check numbered 967. The co-defendant wrote out the check, signed Linda Bogat's name to it, and presented it to the cashier with Ms. Bogat's guarantee card.

At approximately 9:00 p.m. that evening, defendant and co-defendant again purchased merchandise from the Smitty's store, this time in the amount of $173.92. Payment was made by Ms. Bogat's check numbered 971. As before, co-defendant

wrote out the check, signed Linda Bogat's name, and presented it to the cashier with the guarantee card. As defendant and co-defendant left Smitty's, a manager and security agent approached them and asked them to return to the store. Upon inquiring about defendant's and co-defendant's purchase, the security agent asked for the checkbook and then called Ms. Bogat. Ms. Bogat informed the security agent that no one had permission to use her guarantee card or her checkbook. The security agent then called the police. Waiving his *Miranda* rights, defendant informed the police of the circumstances of his obtaining the guarantee card and checkbook and their use to make purchases.

On July 2, 1990, defendant was indicted on one count of forgery, a class 4 felony. The indictment alleged only the offense involving check numbered 971. The State subsequently alleged two prior felony convictions.

Defendant failed to appear for trial and the matter proceeded in his absence. The jury returned a verdict of guilty on the forgery charge and also found the allegations of defendant's two prior felony convictions to be true.

Defendant was subsequently apprehended on a bench warrant. On January 9, 1991, the trial judge sentenced defendant to a presumptive term of ten years imprisonment. Defendant was also ordered to pay restitution to Smitty's in the amount of $73.30, the amount of the loss incurred in the uncharged forgery offense involving check number 967. Defendant timely appealed the restitution order.

## DISCUSSION

■ The trial court has the affirmative duty to require a defendant convicted of a crime to make full restitution for the economic loss sustained by the victim. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–603(C). The trial court, however, may order "a defendant … to pay restitution '*only for* an offense that he has *admitted,* upon which he has been found guilty, or upon which he has agreed to pay restitution.'" *State v. French,* 166 Ariz. 247, 248, 801

P.2d 482, 483 (App.1990) (quoting *State v. Whitney,* 151 Ariz. 113, 114, 726 P.2d 210, 211 (App.1986)) (second emphasis added). The parties treat defendant's general admission of participating in the use of the guarantee card and checkbook as a specific admission that he participated in the uncharged $73.30 forgery. For purposes of our discussion, we take the same approach. The issue thus raised is whether a trial court may order a defendant to pay restitution for an uncharged offense to which the defendant's only admissions are statements made to the police.

Defendant argues on appeal that he did not admit culpability for the uncharged forgery offense either at trial, at which he was absent, or at sentencing. Defendant further contends that he was not adjudicated guilty of the uncharged offense, nor did he agree to pay restitution for that offense. Defendant urges that the trial court's order of restitution must therefore be vacated.

The State, on the other hand, argues that defendant's post-arrest statements made to the police indicated that he accepted and used Ms. Bogat's checkbook and check guarantee card without her permission. Without citing authority to support its position, the State contends that because defendant admitted his culpability to the police, he has "admitted" his responsibility and should be required to pay restitution for the misuse of check numbered 967.

■ We do not believe that a suspect's admission or confession to a police officer is sufficient for a court to impose an order of restitution. Ordering a defendant to pay restitution for a crime which he has not admitted in court poses the risk of serious due process error. Admissions by a criminal defendant which subject him to a more burdensome sentence are accepted in court under stringent safeguards designed for the protection of the accused. *See* Ariz.R.Crim.P. 17.6 (admission of prior convictions) and Rule 27.8 (admission of violation of probation). We do not believe an admission which might subject the accused to an order of restitution need be accompa-

nied by all the protections surrounding the above admissions. We believe, however, the procedure used to bring the admission to the attention of the court must have guarantees of trustworthiness sufficient to justify the action of the court in imposing an additional burden upon the defendant. Such procedures may include an admission made in open court and on the record, or in a writing prepared for filing with the court and signed by the defendant, such as a plea agreement. Without attempting to set forth all the procedures that might provide sufficient safeguards, we hold today that an accused's statements made to a police officer are an insufficient basis to order restitution. A criminal defendant's restitution liability is not deemed "admitted" by such statements.

## CONCLUSION

For the foregoing reasons, we conclude that defendant's order to pay restitution was not premised upon an adjudication of guilt, nor an agreement to pay restitution, nor was the obligation admitted by defendant. We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none. The trial court's order requiring defendant to pay restitution in the amount of $73.30 is vacated pursuant to A.R.S. 13–4036.

GERBER, J., and MELVYN T. SHELLEY, Retired Judge, concur.

NOTE: The Honorable Melvyn T. Shelley, Retired, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Article 6, Section 20 of the Arizona Constitution and Ariz.Rev.Stat.Ann. § 38–813.