977 P.2d 836

**FEDERAL DEPOSIT INSURANCE CORPORATION, Petitioner,**

**v.**

**The Honorable Robert A. COLOSI, Commissioner of the Superior Court of Arizona, County of Maricopa, Respondent,**

**Wallace Thomas Korzuch, Real Party in Interest.**

**No. 1 CA–SA 98–0274.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 19, 1998.

Reconsideration Denied Dec. 15, 1998.

Review Denied May 25, 1999.

See also 186 Ariz. 190, 195, 920 P.2d 312.

---

Kutak Rock by E. Scott Dosek and Jason Douglas White, Phoenix, for Petitioner.

David G. Derickson, Phoenix, for Real Party in Interest.

## OPINION

EHRLICH, Judge.

¶ 1    Wallace Thomas Korzuch pled guilty to theft, a felony, on March 25, 1988. The sentence provided for the payment of $600,-000 in restitution to the victim, Century Bank. At a hearing in July 1989, the superior court filed an Order and Judgment *nunc pro tunc* modifying certain conditions of probation and again ordering restitution pursuant to ARIZ. REV. STAT. ANN. ("A.R.S.") sections 13–2314 and 13–603.

¶ 2    The Federal Deposit Insurance Corporation ("FDIC") subsequently took over Century Bank and its rights of recovery. *See* 12 U.S.C. § 1821(d)(2)(A)(i). However, the judgment was not renewed.

¶ 3    On May 11, 1993, the Adult Probation Department petitioned the superior court *ex parte* to extend the period of probation for an additional three years because the restitution had not been fully paid. The court granted the motion, from which Korzuch appealed, alleging that the lack of notice of the impending extension was a violation of due process. The supreme court agreed and vacated the order extending Korzuch's probation. *State v. Korzuch*, 186 Ariz. 190, 195, 920 P.2d 312, 317 (1996).

¶ 4    As a result, the superior court ordered the Adult Probation Department to submit a Restitution Order and Judgment pursuant to A.R.S. section 13–805(A)(2). The Department accordingly filed a Request for Restitution Order and Judgment and a proposed Order. Korzuch moved to strike, which motion was granted. The court stated that "principles of res judicata and collateral estoppel preclude[d it] from entering a second judgment, since the previous judgment was a final judgment on the merits and the parties and issues are identical."

¶ 5    The FDIC filed a motion to reconsider, in which the state joined. Korzuch again moved to strike, which motion was granted. To date, Korzuch has paid $46,207.49 of the $600,000 ordered in restitution. No further restitution order has been filed, and the state has expressed its intent not to take an appeal from a final order.

## DISCUSSION

### A.    Special Action Jurisdiction

¶ 6    Although the FDIC is the victim of the crime of theft, it is not a party to the criminal-adjudication process. The Victim's Bill of Rights, article 2, section 2.1(A)(4) of the Arizona Constitution, gives a victim the right to be heard.

[I]t does not clearly define what that right is. The implementing statutes and rules, which are more explicit, do not guarantee the Victim the right to file her own petition for review. The [Victim Rights Implementation Act] only specifies that the Victim has the right to be *notified* of post conviction review and appellate proceedings. A.R.S. § 13–4411.

*State v. Lamberton,* 183 Ariz. 47, 50, 899 P.2d 939, 942 (1995) (emphasis original). Consequently, the FDIC, deprived of participation in the appellate process, has no "equally plain, speedy, and adequate remedy by appeal." ARIZ. R.P. SPECIAL ACTIONS ("Rule") 1. However, it may seek relief through a special action specifically permitted pursuant to Rule 2(a):

> (2) *Victims.* The victim as defined in Rule 39(a), Rules of Criminal Procedure, may institute proceedings for a special action seeking relief from an order denying any right guaranteed to victims under Arizona Constitution Art. 2, § 2.1 . . . .

¶ 7   The FDIC is a victim entitled to restitution without a remedy on appeal. We therefore accept jurisdiction of the special action.

*B. The Restitution Order*

■ ¶ 8   In 1988, as part of the judgment of guilt and sentence against him, Korzuch was ordered by the superior court to pay Century Bank, the victim of his theft, $600,-000 in restitution. Payment of full economic restitution is mandatory under the Arizona sentencing system. A.R.S. §§ 13–603(C), 13–804; *State v. Steffy,* 173 Ariz. 90, 93, 839 P.2d 1135, 1138 (App.1992); *State v. Zierden,* 171 Ariz. 44, 45, 828 P.2d 180, 181 (App.1992). Subsequently, the court, in modifying the terms of Korzuch's probation, entered a judgment *nunc pro tunc* for the amount of restitution, and some restitution payments were made. Entry of that judgment, however, did not close the matter of the payment of the restitution.

■ ¶ 9   "The trial court shall retain jurisdiction of the case for purposes of modifying the manner in which court–ordered payments are made until paid in full, or until the defendant's sentence expires." A.R.S. § 13–805(A). This means that the "court retains

jurisdiction to modify the *manner* in which court-ordered restitution payments are made until such time that the amount has been paid in full, or until defendant's sentence expires, whichever occurs last." *State v. Pinto,* 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App.1994). Further, at the conclusion of probation, section 13–805(A) provides that the court "shall enter" "[j]udgment in favor of each person entitled to restitution for the unpaid balance of any restitution ordered."

■ ¶ 10   At the end of Korzuch's probation, there was an unpaid balance of the difference between $600,000 and $46,207.49, which should have resulted in a judgment against Korzuch and in favor of the FDIC in the amount of $553,792.51. This would not be a "second judgment on the merits" as apparently believed by the superior court; it is a judgment pursuant to A.R.S. section 13–805(A) for the difference between the amount that was ordered to be paid as restitution to the victim and the amount that was actually paid. Thus, despite the conclusion of probation, a judgment exists until satisfied "to make the victim whole and to make the offender 'recognize the specific consequences of his criminal activity and accept responsibility for those consequences.'" *State v. Freeman,* 174 Ariz. 303, 306, 848 P.2d 882, 885 (App.1993) (citation omitted), quoting *State v. Merrill,* 136 Ariz. 300, 302, 665 P.2d 1022, 1024 (App.1983).

■ ¶ 11   Korzuch's argument that, because Century Bank did not execute on the prior judgment, it has waived its right to collect restitution is flawed. While the bank could have executed on the judgment through civil proceedings, it did not have to do so. The entry of restitution as a result of criminal proceedings brought by the state is independent of a civil action brought by the victim against the malfeasor because "restitution is not a claim which belongs to the victim, but a remedial measure that the court is statutorily obligated to employ." *State v. Iniguez,* 169 Ariz. 533, 536, 821 P.2d 194, 197 (App.1992). The court "has the affirmative duty to require a defendant convicted of a crime to make full restitution for the economic loss sustained by the victim." *Zierden,* 171 Ariz. at 45, 828 P.2d at 181. The rele-

vance of the resolution of a civil lawsuit is that it may "extinguish a defendant's restitution obligation to the extent that the settlement compensates the victim[ ]. . . ." *State v. Andersen,* 177 Ariz. 381, 387, 868 P.2d 964, 970 (App.1993), *cert. denied,* 512 U.S. 1224, 114 S.Ct. 2717, 129 L.Ed.2d 842 (1994). Whether the bank civilly pursued Korzuch is irrelevant to the issue of restitution unless the bank recovered as a result. Since it did not, the FDIC as legal successor-in-interest to Century Bank, Korzuch's victim, is entitled to full restitution in the form of a judgment in its favor against Korzuch for the amount of restitution unpaid when Korzuch's probation ended. A.R.S. 13–805(A).

*C. Fees*

¶ 12 Korzuch has requested sanctions, costs and attorneys' fees for responding to a request for interlocutory stay filed by the FDIC. In the exercise of our discretion, the request is denied.

*CONCLUSION*

¶ 13 For the foregoing reasons, we reverse the superior court and direct that it enter an appropriate Restitution Order and Judgment in favor of the FDIC.

EDWARD C. VOSS, Presiding Judge, and CECIL B. PATTERSON, Jr., Judge, concur.