207 P.3d 678

**STATE of Arizona, Appellant,**

v.

**Michael ZAPUTIL, Appellee.**

**No. 1 CA–CR 07–0644.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 10, 2008.

Review Denied April 20, 2009.

Theresa M. Armendarez, Phoenix, Attorney for Appellee.

Andrew P. Thomas, Maricopa County Attorney By Lisa M. Martin, Deputy County Attorney, Phoenix, Attorneys for Appellant.

**OPINION**

HALL, Judge.

¶ 1 The State of Arizona appeals the trial court's ruling denying the victim's claim for restitution. The trial court denied the claim based on a finding that it lacked jurisdiction to order restitution because the judgment of guilt had been set aside under Arizona Revised Statutes (A.R.S.) section 13–907 (Supp. 2006). For reasons that follow, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

¶ 2 On September 27, 2004, Michael Zaputil (Zaputil) pled guilty pursuant to a plea agreement to an amended charge of theft, a class 1 misdemeanor. The charge stemmed from Zaputil removing a fence that belonged to the victim. The agreement stipulated that Zaputil would pay restitution to the victim not to exceed five thousand dollars. In accordance with the plea agreement, the trial court placed Zaputil on probation for a period of one year and scheduled a hearing for October 25, 2004, to determine the amount of restitution.

¶ 3 At the request of the parties, the restitution hearing was continued several times and then vacated on February 14, 2005, pending the outcome of a Rule 32 post-con-

viction relief proceeding commenced by Zaputil. In vacating the hearing, the trial court stated that it retained jurisdiction over the matter of restitution. Later that same year, the hearing was reset following the trial court's summary dismissal of the petition for post-conviction relief. The hearing was continued several more times pending appellate review of the post-conviction proceedings and then vacated in February 2006 with the trial court once again retaining jurisdiction with respect to restitution.

¶ 4 In July 2006, this Court denied review of the dismissal of Zaputil's petition for post-conviction relief. After review was also denied by the Arizona Supreme Court in November 2006, the trial court reset the restitution hearing for April 4, 2007. The hearing was again continued several more times at the request of the parties and eventually held on June 13, 2007.

¶ 5 After the restitution hearing was reset in 2007, Zaputil moved to have it vacated on the grounds that the trial court no longer had jurisdiction to order restitution because his probation had been completed and his conviction had been set aside pursuant to A.R.S. § 13–907. In opposing the motion, the State argued: (1) restitution is mandatory; (2) the court has continuing jurisdiction to enforce the plea agreement; and (3) the order setting aside the judgment of guilt is void for fraud.

¶ 6 At the restitution hearing, the trial court took the issue of its jurisdiction under advisement and heard testimony from the victim on the restitution claim. The court thereafter ruled that the victim had substantiated a claim for restitution in the amount of $1,906.90, but concluded that it had lost jurisdiction to order restitution when Zaputil's application to have the judgment of guilt set aside was granted on October 26, 2006. The State timely appealed. We have jurisdiction pursuant to Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031, and –4032(4) (2001).

## DISCUSSION

¶ 7 The issue of the trial court's jurisdiction over the restitution claim pres-

ents a pure question of law requiring this court to apply basic tenets of statutory construction. Thus, we review the trial court's ruling de novo. *In re Stephanie N.*, 210 Ariz. 317, 318, ¶ 5, 110 P.3d 1280, 1281 (App. 2005).

¶ 8 The trial court based its denial of the restitution claim on A.R.S. § 13–907. This statute reads, in relevant part:

A. [E]very person convicted of a criminal offense, on fulfillment of the conditions of probation or sentence and discharge by the court, may apply to the judge, justice of the peace or magistrate who pronounced sentence or imposed probation or such judge, justice of the peace or magistrate's successor in office to have the judgment of guilt set aside. The convicted person shall be informed of this right at the time of discharge.

. . .

C. If the judge, justice of the peace or magistrate grants the application, the judge, justice of the peace or magistrate shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be *released from all penalties and disabilities resulting from the conviction* other than those imposed by:

1. The department of transportation pursuant to § 28–3304, 28–3306, 28–3307, 28–3308 or 28–3319, except that the conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and proved in any subsequent prosecution of such person by the state or any of its subdivisions for any offense or used by the department of transportation in enforcing § 28–3304, 28–3306, 28–3307, 28–3308 or 28–3319 as if the judgment of guilt had not been set aside.

2. The game and fish commission pursuant to § 17–314 or 17–340.

(Emphasis added.) Specifically, the trial court construed the portion of A.R.S. § 13–907(C) directing that the convicted person be "released from all penalties and disabilities resulting from the conviction" as precluding any further action by the trial court in regards to restitution.

¶ 9 In construing a statute, our duty is to ascertain and give effect to the legislature's intent. *In re Adam P.*, 201 Ariz. 289, 291, ¶ 12, 34 P.3d 398, 400 (App. 2001). To determine the intent of the legislature, we first look at the wording of the statute. *Id.* Unless otherwise defined, we give words and phrases contained in statutes their ordinary meaning unless it appears from their context that another meaning is intended. *State v. French*, 166 Ariz. 247, 248, 801 P.2d 482, 483 (App.1990). "We may also examine the subject matter, effects, consequences, reason and spirit of the statutes." *State v. Iniguez*, 169 Ariz. 533, 536, 821 P.2d 194, 197 (App.1991). Applying these principles, we hold that A.R.S. § 13–907(C) does not support the conclusion reached by the trial court that entry of a set-aside order precludes a subsequently entered order setting the amount of restitution that defendant previously agreed to pay.

¶ 10 In Arizona, crime victims have a constitutional right to restitution from the person convicted of the criminal conduct that caused the victim's loss. Ariz. Const. art. 2, § 2.1(A)(8). "If a person is convicted of an offense, the court shall require the convicted person to make restitution ... in the full amount of the economic loss as determined by the court...." A.R.S. § 13–603(C) (Supp.2007). Thus, restitution is mandatory under our sentencing scheme. *State v. Lindsley*, 191 Ariz. 195, 197, 953 P.2d 1248, 1250 (App.1997); *see also State v. Zierden*, 171 Ariz. 44, 45, 828 P.2d 180, 181 (1992) ("The trial court has the affirmative duty to require a defendant convicted of a crime to make full restitution for the economic loss sustained by the victim."). When the trial court does not have sufficient information to order restitution, it is authorized to conduct a hearing. A.R.S. § 13–804(G) (2001).

¶ 11 The problem with the trial court's decision is that, even though it is part of the sentencing process, restitution is not a penalty or a disability. *Webster's* dictionary defines "penalty" as "[a] punishment established by law or authority for a crime or offense." *Webster's II New College Dictionary* 812 (1995). In contrast, our case law is clear that restitution is not a punishment

exacted by the state. *State v. Fancher*, 169 Ariz. 266, 268, 818 P.2d 251, 253 (App.1991). Instead, its purpose is to make the victim whole. *Id.; see also In re Estate of Vigliotto*, 178 Ariz. 67, 69, 870 P.2d 1163, 1165 (App.1993) (holding that because restitution is not punishment, unlike criminal penalties, restitution order survives death of defendant); *State v. Steffy*, 173 Ariz. 90, 94, 839 P.2d 1135, 1139 (App.1992) (noting "restitution is not intended to be punitive in nature"); *State v. Howard*, 163 Ariz. 47, 51, 785 P.2d 1235, 1239 (App.1989) ("The purpose of mandatory restitution is to make the victim whole, not to punish."); *but cf.* A.R.S. § 13–603(C) (court-ordered restitution is criminal penalty for purpose of federal bankruptcy).

¶ 12 Nor does the requirement to pay restitution constitute a disability. The term "disability" is defined as "[a] legal incapacity or disqualification." *Webster's* at 322. A restitution order does not result in any legal disqualification or incapacity on the part of a defendant; it is simply a remedial measure that forces him "to recognize the specific consequences of his criminal activity and accept responsibility for those consequences." *Steffy*, 173 Ariz. at 94, 839 P.2d at 1139 (quoting *State v. Merrill*, 136 Ariz. 300, 302, 665 P.2d 1022, 1024 (App.1983)). Given the constitutional and statutorily mandated nature of the right to restitution, we will not expand A.R.S. § 13–907 beyond the plain meaning of its words to release a person from an obligation to make restitution. *See Roberts v. Spray*, 71 Ariz. 60, 70, 223 P.2d 808, 814 (1950) (noting statutes are to be read in light of the constitution and other statutes relating to the same matter).

¶ 13 Zaputil agreed to pay restitution to the victim as part of his plea agreement. The agreement provided that Zaputil would "pay restitution to all victims on all counts, whether dismissed or amended." A defendant may be properly ordered to pay restitution on a dismissed charge when he has consented in a plea agreement. *See State v. Proctor*, 196 Ariz. 557, 565, ¶ 29, 2 P.3d 647, 655 (App.1998) ("It is well settled that a defendant may be ordered to pay restitution to victims under § 13–603(C) only

for charges that he or she has admitted, of which he or she has been found guilty, or for which he or she has agreed to pay restitution."). Accordingly, entry of the "administrative order" pursuant to A.R.S. § 13–907 setting aside the judgment of guilt and releasing all penalties and disabilities did not release Zaputil from his obligation to make restitution to the victim for his offense. *See Russell v. Royal Maccabees Life Ins. Co.*, 193 Ariz. 464, 467, 974 P.2d 443, 446 (App.1998) (holding that an order vacating judgment of guilt under A.R.S. § 13–907 "does not expunge or remove the fact of conviction in Arizona").

¶ 14 We further reject Zaputil's contention that the trial court was deprived of jurisdiction to order restitution when his probation was completed. His reliance on A.R.S. § 13–805(A) (Supp.2007) is misplaced. This statute states:

> The trial court shall retain jurisdiction of the case for purposes of modifying the manner in which court-ordered payments are made until paid in full or until the defendant's sentence expires. At the time the defendant completes his period of probation or the defendant's sentence, the court shall enter both:
>
> 1. A criminal restitution order in favor of the state for the unpaid balance, if any, of any fines, costs, incarceration costs, fees, surcharges or assessments imposed.
>
> 2. A criminal restitution order in favor of each person entitled to restitution for the unpaid balance of any restitution ordered.

¶ 15 In light of the legislative and constitutional intent to promote restitution to victims, this statute has been interpreted as expanding, rather than limiting, the trial court's jurisdiction over restitution. *State v. Pinto*, 179 Ariz. 593, 594–95, 880 P.2d 1139, 1140–41 (App.1994). In *Pinto*, the defendants challenged the jurisdiction of the trial court to enter judgments on restitution or-

ders after their probationary terms expired. *Id.* at 594, 880 P.2d at 1140. Like Zaputil, they argued that the phrase "[a]t the time the defendant completes [the defendant's] period of probation or [the defendant's] sentence" in the second sentence of the statute was jurisdictional in nature and that the expiration of their probation divested the trial court of continuing jurisdiction over them.[1] *Id.* at 595–96, 880 P.2d at 1141–42. In affirming the judgments entered against them, this court held that "the words 'at the time defendant completes [his or her] period of probation ...' are not jurisdictional, but are merely advisory as to when the trial court is to act." *Id.* at 596, 880 P.2d at 1142.

¶ 16 Here, there was a timely claim for restitution asserted by the victim. Although the hearing on the restitution claim was long delayed,[2] the trial court expressly retained jurisdiction over the claim throughout the delays. When the hearing was held, the victim appeared and presented evidence substantiating the claim. Under the circumstances, there is no basis for the trial court not ordering restitution in compliance with A.R.S. § 13–603(C).

¶ 17 Because Zaputil's probation has been completed, the trial court cannot order payment of restitution as a term of probation. Thus, upon remand, the trial court will be limited to entering a judgment in favor of the victim for the amount of the restitution order pursuant to A.R.S. § 13–805(A)(1).

## CONCLUSION

¶ 18 The trial court has continuing jurisdiction to adjudicate the timely restitution claim asserted by the victim notwithstanding that Zaputil's probation has concluded and the judgment of guilt had been set aside pursuant to A.R.S. § 13–907. Accordingly, we reverse the trial court's order denying the

---

1. The first sentence of the statute has no applicability to the present case because, by its terms, it relates only to the jurisdiction of the trial court with respect to modifying the *manner* in which payments are made. *Id.* at 596, 880 P.2d at 1142.

2. We observe that both the trial court and the State have a concurrent obligation to see that restitution claims are not only preserved but adjudicated in a timely fashion. Ariz. Const. art. 2, § 2.1(A)(8). That obligation, at least in part, was not fulfilled in this case.

claim and remand for further proceedings consistent with this decision.[3]

CONCURRING: LAWRENCE F. WINTHROP, Presiding Judge and PATRICK IRVINE, Judge.

---

**3.** Because we conclude that neither the completion of Zaputil's probation nor the order setting aside his conviction precludes the trial court from adjudicating the restitution claim, we need not address the State's argument that the order setting aside the conviction should be deemed void for fraud. However, we note that the trial court expressly rejected the State's contention that Zaputil or his counsel fraudulently or otherwise inappropriately "manipulated the system" to secure the completion/release of probation and the statutory setting-aside of the conviction, finding no evidence in the record to support such accusation.