IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

APR 12 2012

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,           )
                                )       2 CA-CR 2011-0244
                    Appellant,  )       DEPARTMENT A
                                )
        v.                      )       O P I N I O N
                                )
JERRY ALAN NUCKOLS,             )
                                )
                    Appellee.   )
                                )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20102491001

Honorable Richard S. Fields, Judge

AFFIRMED

Barbara LaWall, Pima County Attorney
  By Nicolette Kneup                                         Tucson
                                              Attorneys for Appellant

The Law Offices of Stephanie K. Bond, PC
  By Stephanie K. Bond                                       Tucson
                                               Attorney for Appellee

E C K E R S T R O M, Presiding Judge.

¶1        The state appeals the trial court's denial of its untimely request that Nuckols pay restitution to Pima County.  Finding no error, we affirm.

## Background

¶2        Pursuant to a plea agreement that required him to pay up to $10,000 restitution to Pima County, appellee Jerry Nuckols was convicted of multiple felony counts arising from his having fled from and then shot at a Pima County deputy sheriff. Nuckols waived his right to an evidentiary hearing to determine the specific amount of restitution. His plea agreement provided that a "restitution claim form" would serve as "conclusive proof of the victims' economic loss."

¶3        On May 2, 2011, the trial court sentenced Nuckols to a combination of concurrent and consecutive terms of imprisonment and ordered that "the issue of restitution shall remain open for 30 days."[1] The state filed its restitution claim form and supporting documents over two months later, on July 11, requesting $540.56 in restitution to Pima County for its costs in repairing a vehicle that Nuckols had shot. The court initially granted the state's request but later sustained Nuckols's objection to it and denied restitution after a hearing in August 2011. We have jurisdiction over the state's appeal from this ruling pursuant to A.R.S. § 13-4032(4).

## Discussion

¶4        The state maintains Pima County "was entitled to restitution after the trial court's restitution deadline." In support of this position, the state cites article II, § 2.1(A)(8) of the Arizona Constitution and A.R.S. § 13-603(C), which require restitution

---

[1]The state has not provided this court with a transcript of the sentencing hearing where the trial court deferred ruling on restitution. "Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court." *State v. Zuck*, 134 Ariz. 509, 513, 658 P.2d 162, 166 (1982).

awards for eligible crime victims, generally. The state maintains the court had an "affirmative duty to require . . . restitution" by law and by the terms of the plea agreement. The state has offered no excuse for its untimely request for restitution, however, nor has it provided authority to support its implicit premise that it may disregard court-imposed deadlines for requesting restitution.[2] Moreover, the state has not argued expressly, much less established, that the trial court was without authority to set the deadline it did, or that the thirty-day deadline imposed somehow was unreasonable under the circumstances of this case.

¶5        Despite the constitutional nature of a crime victim's right to receive restitution, a trial court is obligated to determine, by sufficient evidence, the amount of restitution owed by a defendant, unless he or she agrees to pay a specific amount. *See* A.R.S. §§ 13-603(C), 13-804(E), (G); *State v. West*, 173 Ariz. 602, 609, 845 P.2d 1097, 1104 (App. 1992); *State v. Scroggins*, 168 Ariz. 8, 9, 810 P.2d 631, 632 (App. 1991). In an adult criminal prosecution, as in a juvenile delinquency proceeding, a trial court thus may "requir[e] the timely assertion of [the] right to avoid waiver." *In re Alton D.*, 196 Ariz. 195, ¶ 17, 994 P.2d 402, 406 (2000); *see State v. Barrs*, 172 Ariz. 42, 43, 833 P.2d 713, 714 (App. 1992) (noting "right to restitution belongs to the victim" and may be

---

[2]Although the state had argued below that the negligent actions of the Pima County attorney should not be attributed to Pima County, it has abandoned this argument on appeal. We therefore need not address the issue. *See State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989). For clarification, however, we note the county attorney played a dual role in this case, representing both the state in the general criminal prosecution as well as the county in regard to the criminal restitution that it was owed. *See* A.R.S. § 11-532(A)(1), (4) (county attorney must "conduct, on behalf of the state, all prosecutions for public offenses" and "prosecute . . . actions for recovery of debts, fines, penalties and forfeitures accruing to the state or county").

3

"waive[d] by the victim"); *see also* Ariz. R. Crim. P. 39(b)(16) (requiring victims be informed of "procedures for invoking the right" to restitution). "[A] trial court may impose a reasonable deadline within which restitution claims must be filed." *Alton D.*, 196 Ariz. 195, ¶ 6, 994 P.2d at 403; *see State v. Zaputil*, 220 Ariz. 425, n.2, 207 P.3d 678, 682 n.2 (App. 2008) (observing "both the trial court and the State have a concurrent obligation to see that restitution claims are not only preserved but adjudicated in a timely fashion"). Victims who fail to "present their restitution claims and supporting evidence" by such a deadline waive their rights to receive restitution. *Alton D.*, 196 Ariz. 195, ¶ 19, 994 P.2d at 407.

¶6        Here, the untimeliness of the request waived the restitution to which Pima County otherwise was constitutionally and statutorily entitled. We therefore find no abuse of discretion in the trial court's denial of restitution. *See State v. Lewis*, 222 Ariz. 321, ¶ 5, 214 P.3d 409, 411 (App. 2009).

¶7        In a different line of argument, the state contends the trial court retained jurisdiction to order restitution past the thirty-day deadline. A lack of jurisdiction was one of two grounds on which Nuckols objected below; the other ground was the "untimel[iness]" of the state's request. The trial court did not make any express findings in support of its ruling, nor did the state ask it to do so. We may affirm a court's ruling on any basis supported by the record. *State v. Wassenaar*, 215 Ariz. 565, ¶ 50, 161 P.3d 608, 620 (App. 2007). Accordingly, we need not decide any issue relating to the court's jurisdiction to order restitution past the thirty-day deadline, because the untimeliness of the state's request provides a sufficient basis to uphold the court's ruling.

**¶8** To the extent the state maintains its request "for a specific restitution amount was . . . timely because the court retained jurisdiction over restitution," the state conflates the issues of timeliness and jurisdiction. Although these issues sometimes overlap, they are distinct nonetheless. And, contrary to the state's suggestion, a request for restitution is not timely simply because the superior court retains jurisdiction to order it.

**¶9** The state also claims Pima County was entitled to receive restitution here because the circumstances are analogous to those in *State v. Zaputil*. That case, however, is readily distinguishable. In *Zaputil*, the trial court continued a restitution hearing numerous times and, upon vacating the hearing, expressly "stated that it retained jurisdiction over the matter of restitution." 220 Ariz. 425, ¶¶ 3-4, 207 P.3d at 679-80. Here, in contrast, the court did not order any continuance, and the matter of restitution was closed after the court's thirty-day deadline for submitting supporting documentation expired.

### Disposition

**¶10** Accordingly, the trial court's order denying restitution is affirmed.

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*

JOSEPH W. HOWARD, Chief Judge

/s/ *J. William Brammer, Jr.*

J. WILLIAM BRAMMER, JR., Judge

5