NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GUILLERMO LEON CORTES, *Appellant.*

No. 1 CA-CR 14-0368
FILED 2-12-2015

Appeal from the Superior Court in Coconino County
No. S0300CR12384
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Craig W. Soland
*Counsel for Appellee*

Keith A. Hammond, P.C., Flagstaff
By Keith A. Hammond
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

**¶1**          Guillermo Leon Cortes appeals the superior court's denial of his motion to terminate his obligation to register as a sex offender. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          In 1986, Cortes was indicted on one count of sexual conduct with a minor over the age of 15, a class 6 felony. *See* Arizona Revised Statutes ("A.R.S.") § 13-1405.[1]  At the time of the charged offense, Cortes was 47 years old. Cortes entered a plea of no contest, and the court imposed a four-year term of probation. As a result of this conviction, Cortes was required to register as a sex offender for the remainder of his life. *See* A.R.S. § 13-3821; *Fushek v. State*, 218 Ariz. 285, 291, ¶ 23, 183 P.3d 536, 542 (2008). The court terminated his probation in 1989.

**¶3**          In 1991, Cortes petitioned the superior court to set aside his conviction. Although the statute on which Cortes relied—A.R.S. § 13-907(B)(3) (1991)—expressly excluded anyone who had been convicted of sex offenses from the category of persons eligible to apply for a set-aside, the State did not file an objection.[2]  The superior court set aside Cortes's

---

[1]          Absent material revisions after the relevant date, we cite a statute's current version. Citations to prior versions are denoted by including the relevant date parenthetical for the version cited.

[2]          At the time, A.R.S. § 13-907 precluded persons convicted of offenses "[i]n violation of chapter 14 of this title" from applying for a set-aside. A.R.S. § 13-907(B)(3) (1991). The statute was later amended to prohibit application for a set-aside by persons convicted of offenses "[f]or which the person is required or ordered by the court to register pursuant to § 13-3821." *See* A.R.S. § 13-907(D)(2) (2014); *see also* 2001 Ariz. Sess. Laws, ch. 109, § 1. Neither version of the statute provides authority for setting aside Cortes's conviction.

conviction and ordered him to be "released from all penalties and disabilities resulting from the conviction."

¶4        In 2013, Cortes sought to terminate his lifetime registration requirement, relying on A.R.S. § 13-923(A), which provides for an annual probation hearing, but only for probationers under age 22 who were under age 18 at the time of the offense. Cortes later abandoned his argument under § 13-923 and argued simply that the registration requirement was a "disability" from which he should be released pursuant to the court's 1991 order setting aside his conviction.

¶5        Cortes presented evidence that the registration requirement could be a basis for a discretionary denial of any application he might file to become a naturalized citizen. Additionally, he avowed that the registration requirement had affected his ability to secure employment as an engineer. The court nevertheless denied Cortes's motion, reasoning that under Arizona law, sex-offender registration is a lifetime obligation that was not excused when Cortes's conviction was set aside under A.R.S. § 13-907.

¶6        Cortes timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(3).

## DISCUSSION

¶7        Cortes argues that the superior court erred by denying his motion to terminate the § 13-3821 lifetime registration requirement because the 1991 court order setting aside his conviction and removing all "disabilities resulting from the conviction" relieved him of the registration requirement, even if the 1991 order itself was improper. Because this appeal involves a question of law, we review the superior court's ruling *de novo*. *State v. Zaputil*, 220 Ariz. 425, 427, ¶ 7, 207 P.3d 678, 680 (App. 2008).

¶8        Cortes does not dispute that the 1991 order setting aside his sexual conduct conviction was improper. But the State did not oppose or appeal from the 1991 order, and the order accordingly remains final and in full effect. *See, e.g., Broomfield v. Maricopa Cnty.*, 112 Ariz. 565, 568, 544 P.2d 1080, 1083 (1975) ("It is a settled principle of law that an order issued by a court with jurisdiction over the subject matter must be obeyed by the parties until that order is reversed by orderly and proper proceedings.").

¶9        Under A.R.S. § 13-907, if the court grants an individual's application to set aside a conviction, the court "shall . . . order that the person be released from all penalties and disabilities resulting from the

conviction," with specified exceptions not relevant here. *See* A.R.S. § 13-907(A) (1991); A.R.S. § 13-907(C) (2014). Nevertheless, because a set-aside under A.R.S. § 13-907 "is a special benefit conferred by statute, [] it is naturally subject to legislative control and limitations." *State v. Hall*, 234 Ariz. 374, 377, ¶ 11, 322 P.3d 191, 194 (App. 2014) (citation omitted) (holding that a conviction set aside under the statue "may continue to serve as the basis for restricting a defendant's right to bear firearms," and noting that it likewise "may be used to enhance or aggravate future sentences," may be used for impeachment, and may be subject to disclosure on an insurance application); *see also* Op. Ariz. Att'y Gen. I00-030 (noting limitations on the reach of an order under § 13-907).

¶10        The Legislature has consistently excluded individuals subject to lifetime sex offender registration from eligibility to set aside the conviction that triggered registration. *See* A.R.S. § 13-907(B)(3) (1991); A.R.S. § 13-3821(A) (1991); A.R.S. § 13-907(D)(2) (2014). This wholesale exclusion of individuals subject to registration from eligibility for relief under § 13-907 evidences legislative intent that the statute not be used as a basis for providing relief from registration under § 13-3821.

¶11        Furthermore, the term "disability," as used in § 13-907 and as defined by case law, does not include affirmative obligations, such as the obligation to register as a sex offender. Although the Legislature did not expressly define "disability" for purposes of A.R.S. § 13-907, the term generally means a "legal incapacity or disqualification," *see Zaputil*, 220 Ariz. at 428, ¶ 12, 207 P.3d at 681 (citation omitted), and the registration requirement itself does not result in any legal incapacity or disqualification because it "does not *affirmatively* inhibit or restrain an offender's movements or activities." *State v. Noble*, 171 Ariz. 171, 176-77, 829 P.2d 1217, 1222-23 (1992) (holding that sex-offender registration is regulatory, rather than punitive for purposes of *ex post facto* analysis).

¶12        Although Cortes argues in his reply that he has suffered an impingement of his constitutional privacy rights because of the disclosures he must make in his registration, he does not explain or provide authority for why the required disclosures constitute a "legal disqualification or incapacity." Accordingly, we conclude that the lifetime registration requirement of § 13-3821 is not a "disabilit[y]" from which Cortes was relieved by operation of A.R.S. § 13-907.

¶13        Finally, even assuming the lifetime registration requirement under A.R.S. § 13-3821 can be viewed to conflict with the provisions for relief available under A.R.S. § 13-907, the more specific statute–here § 13-

3821–is controlling. *See Hall*, 234 Ariz. at 376, ¶ 10, 322 P.3d at 193 ("In situations where a general statute conflicts with a specific one, 'the specific governs.'") (citation omitted). While § 13-907 establishes requirements for setting aside convictions generally, § 13-3821 is tailored to the specific details of registration. Moreover, § 13-3821 expressly enumerates the only circumstances under which an individual can be relieved of the registration requirement, and the statute details the individuals for whom registration is not a lifetime requirement. *See* A.R.S. § 13-3821(D), (F), (G), (H); *see also Fushek*, 218 Ariz. at 291, ¶ 23, 183 P.3d at 542 ("[O]nce imposed, sex offender registration is a lifelong obligation."); Op. Ariz. Att'y Gen. I00-030 (noting that, with limited, enumerated exceptions, "the statutes governing sex offender registration do not provide a mechanism for a court to release from the registration requirement an offender who is statutorily required to register"). Because Cortes does not fall into any of the categories delineated by § 13-3821, the superior court lacked authority to relieve him of the duty to register, and the court properly denied Cortes's request for relief.

## CONCLUSION

**¶14**      For the foregoing reasons, we affirm the superior court's denial of Cortes's motion to terminate his obligation to register as a sex offender.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama