392 P.3d 516

The STATE of Arizona, Respondent,

v.

Juan Antonio GRIJALVA, Petitioner.

No. 2 CA–CR 2016–0176–PR

Court of Appeals of Arizona,
Division 2.

Filed March 7, 2017

Barbara LaWall, Pima County Attorney, By Jacob R. Lines, Deputy County Attorney, Tucson, Counsel for Respondent

Steven R. Sonenberg, Pima County Public Defender, By Abigail Jensen, Assistant Public Defender, Tucson, Counsel for Petitioner

Judge Miller authored the opinion of the Court, in which Presiding Judge Vásquez and Chief Judge Eckerstrom concurred.

## OPINION

MILLER, Judge:

¶ 1 Petitioner Juan Grijalva seeks review of the trial court's order denying his petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). Grijalva has not sustained his burden of establishing such abuse here.

¶ 2 Pursuant to a plea agreement, Grijalva was convicted of theft of a means of trans-

portation. The trial court imposed a minimum, 2.5–year term of imprisonment in October 2012. The state requested restitution for the victim's insurance company in the amount of $3,045.58. Defense counsel indicated she had not seen supporting documentation of the claim. The court suggested that she contact the prosecutor to work out a stipulation and gave the parties thirty days to file it. The court further ordered that it "retain[ed] jurisdiction over the issue of restitution" and that counsel should "submit a stipulation regarding the amount of restitution owed."

¶ 3 In March 2014, the state filed a motion for restitution, and the court ordered Grijalva to pay $3,045.58 to the insurance company.[1] Grijalva filed an opposition to the motion, and the court held a hearing at which it vacated its restitution order and gave the parties two weeks "to request a hearing or to submit a stipulation as to the amount of restitution." The court filed an under-advisement ruling in May affirming its earlier grant and ordering the same amount of restitution to the insurance company.

¶ 4 Later in May, Grijalva filed a notice of post-conviction relief, arguing in his petition that the trial court had lacked jurisdiction to enter the restitution order and, in any event, the amount of restitution was too high. He also argued the court had erred in entering a criminal restitution order (CRO). The trial court granted relief insofar as it vacated the CRO for "fines, fees, and assessments," but otherwise summarily denied relief, and denied Grijalva's subsequent motion for reconsideration as well.

¶ 5 On review, Grijalva again contends the trial court lacked jurisdiction "to modify" his sentence by adding restitution. He argues the court could only add restitution by means of Rule 24.3, Ariz. R. Crim. P., additionally contending a sentence may only be changed if it is illegal and the correction is made within sixty days.

¶ 6 In arguing the trial court lacked jurisdiction to award restitution more than sixty days after the oral pronouncement of judgment, Grijalva relies on this court's statement in *State v. Serrano*, that a "judgment and sentence are 'complete and valid' upon oral pronouncement, and cannot be modified thereafter except as provided by Rule 24.3, Ariz. R. Crim. P." 234 Ariz. 491, ¶ 9, 323 P.3d 774, 777 (App. 2014) (citation omitted), *quoting* Ariz. R. Crim. P. 26.16(a). Rule 24.3 provides, in relevant part, that a "court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is perfected."

¶ 7 *Serrano* holds that a court lacks authority to later modify a defendant's sentence to require him to register as a sex offender. 234 Ariz. 491, ¶ 9, 323 P.3d at 777. We explained that a registration requirement was not mandatory for Serrano's offense, but could have been imposed, in the court's discretion, had the state raised the issue at sentencing. *Id.* ¶ 7. Therefore, because the sentences originally imposed by the court "were not unlawful, ... [n]or ... imposed without regard for statutory and procedural rules," we concluded "[t]he absence of a registration order ... did not allow the court to modify the judgment or sentences under Rule 24.3." *Id.* ¶ 11.

¶ 8 The discretionary registration order in *Serrano*, as well as the order expunging a DNA[2] profile in *State v. Bryant*, 219 Ariz. 514, 200 P.3d 1011 (App. 2008), on which Grijalva also relies, were modifications of the "complete and valid" sentences imposed earlier. *Id. quoting* Ariz. R. Crim. P. 26.16(a). In contrast, the restitution order here did not constitute a modification or correction of a sentence and judgment; rather, the trial court expressly reserved jurisdiction to later order restitution, which it was required to impose upon the presentation of sufficient evidence. *See State v. Holguin*, 177 Ariz. 589, 591, 870 P.2d 407, 409 (App. 1993).

---

1. The trial court later found that defense counsel had not obtained a stipulation. It also noted that to obtain a favorable plea, Grijalva had waived the right to a restitution evidentiary hearing. Although the court relied on these facts to dismiss the petition, it addressed Grijalva's jurisdiction argument separately, as we do here.

2. Deoxyribonucleic acid.

¶ 9 We also find *Serrano* inapposite because we relied on the legislature's "clear intent that any discretionary order that a person register as a sex offender must occur at the time of sentencing." 234 Ariz. 491, ¶ 13, 323 P.3d at 778. In contrast, A.R.S. § 13–603(C), which requires the trial court to impose restitution, "is silent as to when restitution must be assessed," notwithstanding that restitution generally "is ordered at the time of sentencing"—if the court has "sufficient evidence at that time" to support a restitution award. *Holguin*, 177 Ariz. at 591, 870 P.2d at 409.

¶ 10 In support of his claim that restitution must be ordered at sentencing, Grijalva relies on language in Rule 26.16(a) providing that "[t]he judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court." But Rule 26.1(b), Ariz. R. Crim. P., limits the definition of "sentence" to "the penalty imposed upon the defendant after a judgment of guilty." Although it has been recognized as "part of the sentencing process" in some contexts, "restitution is not a penalty or a disability." *State v. Zaputil*, 220 Ariz. 425, ¶ 11, 207 P.3d 678, 681 (App. 2008). Rule 26.10(b), Ariz. R. Crim. P., governing pronouncement of sentence supports this conclusion. It lists a number of mandatory actions by the trial court, but the rule does not include or even mention restitution.

¶ 11 A restitution order made after sentencing does not impair appeal rights because such orders are separately appealable. *State v. Fancher*, 169 Ariz. 266, 266 n.1, 818 P.2d 251, 251 n.1 (App. 1991). Similarly, although a pleading defendant is required to challenge a restitution order in a timely Rule 32 proceeding, our supreme court has allowed a separate challenge to a contested post-judgment restitution order in that context as well. *Hoffman v. Chandler*, 231 Ariz. 362, 295 P.3d 939 (2013). Grijalva relies on the decision in *Hoffman* as authority for the proposition that a restitution order is part of a sentence, but the *Hoffman* court's ruling did not extend so far. Rather, although the court determined for purposes of A.R.S. § 13–4033(B) restitution is part of a "sentence," *Hoffman*, 231 Ariz. 362, ¶ 9, 295 P.3d

at 941, it did not preclude separate appeals from all orders of restitution, *id.* ¶ 19. It determined that restitution orders could only be challenged in a Rule 32 proceeding if they had been "entered pursuant to a plea agreement that contemplated payment of restitution and capped the amount." *Id.* And, *Hoffman* itself dealt with a restitution order that had been entered three months after sentencing. *Id.* ¶ 3.

¶ 12 Finally, although a victim may waive restitution by failing to comply with a time limit set by the court, this rule is a matter of procedure. *See State v. Nuckols*, 229 Ariz. 266, ¶ 5, 274 P.3d 536, 538 (App. 2012). A procedural rule is based on the orderly administration of justice rather than the court's jurisdiction. *Cf. Town of S. Tucson v. Bd. of Supervisors of Pima Cty.*, 52 Ariz. 575, 582, 84 P.2d 581, 584 (1938).

¶ 13 Grijalva also relies on *In re Alton D.*, 196 Ariz. 195, 994 P.2d 402 (2000). In that case our supreme court determined that restitution claims must be resolved before a delinquency disposition is final and appealable. *Id.* ¶¶ 9–14. But the court expressly noted its decision was based on "statutes governing juvenile proceedings" and the "unique nature and policies underlying the juvenile system." *Id.* n.6. It distinguished cases involving "restitution claims filed after final judgment [in] adult criminal actions." *Id.* Grijalva notes many similarities between the juvenile and criminal statutes, but we cannot say criminal proceedings share the special purpose and policies applicable to delinquency adjudications. *Id.* Thus, we decline to extend the reasoning in *Alton D.* to criminal restitution orders.

¶ 14 In sum, we cannot say, under the circumstances presented in which a timely request for restitution was made, the trial court erred in retaining jurisdiction over restitution pending the filing of a stipulation.

¶ 15 We also reject Grijalva's alternative arguments that the trial court erred in deeming the request for restitution timely. First, Grijalva contends the court imposed a deadline when it gave the parties thirty days to file the restitution stipulation. But the trial court determined it had not imposed a "dead-

line," and Grijalva does not point to anything in the record contradicting that finding. Second, citing *Alton D.* and *In re Michelle G.*, 217 Ariz. 340, 173 P.3d 1041 (App. 2008), he contends the eighteen months between sentencing and the state's subsequent request for restitution was not within a "reasonable time." But, as discussed above, we do not apply the rules set forth for juvenile proceedings to criminal restitution matters.

¶ 16 For these reasons, we grant the petition for review but we deny relief.