NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

GABRIEL CERVANTES, *Appellant*.

No. 1 CA-CR 18-0224
FILED 7-30-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2013-442993-003
The Honorable Gregory Como, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

**C A M P B E L L**, Judge:

¶1     Gabriel Cervantes appeals the superior court's order granting the victim additional restitution more than three years after the court entered its initial restitution award, but before Cervantes' release from prison. Challenging the restitution order on two grounds, Cervantes argues that: (1) the superior court lacked jurisdiction to grant the additional restitution request; and (2) insufficient evidence supports the amount of restitution awarded. For the following reasons, we conclude that the restitution request was appropriately granted and affirm.

## BACKGROUND[1]

¶2     At some point during a physical altercation involving six men, the victim was struck unconscious and collapsed. While he lay motionless on the ground, Cervantes repeatedly kicked the victim's face and head, causing an orbital fracture.

¶3     After a jury convicted Cervantes of aggravated assault—having caused serious physical injury to the victim—the superior court sentenced him to a term of six years' imprisonment and ordered him to pay $9,349.79 in restitution. Almost three years later, the State requested additional restitution for the victim's post-sentencing cost of care and rehabilitation. The court granted the request and ordered Cervantes to pay an additional $11,226.59 in restitution to the Victim Compensation Unit for reimbursement funds paid to the victim.

¶4     Cervantes timely appealed the second restitution order.

---

[1]     We view the facts in the light most favorable to sustaining the restitution order. *State v. Stutler*, 243 Ariz. 128, 130, ¶ 4 (App. 2017).

## DISCUSSION

### I.      The superior court had jurisdiction to order additional restitution.

**¶5**          Asserting a court is divested of jurisdiction once it enters a restitution award, Cervantes argues that the superior court lacked statutory authority to award additional restitution. As support for this claim, Cervantes relies on Arizona Revised Statutes ("A.R.S.") section 13-805(A)(1), which he contends limits a superior court's post-sentence jurisdiction to ordering, modifying, or enforcing only the way restitution payments are made.

**¶6**          Whether a superior court has jurisdiction over a restitution claim "presents a pure question of law requiring this court to apply basic tenets of statutory construction." *State v. Zaputil*, 220 Ariz. 425, 427, ¶ 7 (App. 2008). "Thus, we review the [superior] court's ruling de novo." *Id.* To construe statutes, "we apply fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7 (2007). Nonetheless, a plain language interpretation does not focus on statutory words or phrases in isolation but considers related statutes "as though they constitute one law," giving effect to all the provisions involved. *State v. Gamez*, 227 Ariz. 445, 449, ¶ 27 (App. 2011).

**¶7**          In Arizona, a crime victim has "a constitutional right to restitution from the person convicted of the criminal conduct that caused the victim's loss." *Zaputil*, 220 Ariz. at 428, ¶ 10 (citing Ariz. Const. art. 2, § 2.1(A)(8)). To effectuate this right, "the [superior] court shall require the convicted person to make restitution to . . . the victim . . . in the full amount of the economic loss as determined by the court." A.R.S. § 13-603(C). In determining the "full amount" of a victim's economic loss, the court shall consider "all losses caused by the criminal offense," irrespective of the defendant's ability to pay. A.R.S. § 13-804(B), (C).

**¶8**          While A.R.S. § 13-603 establishes a broad mandate to the court, requiring it to award restitution for the "full amount" of a victim's losses, A.R.S. § 13-805(A) regulates only "the manner in which court-ordered payments are made," extending a court's jurisdiction to order, modify, and enforce payments until restitution has been paid in full or "until the defendant's sentence expires." Contrary to Cervantes' argument, A.R.S. § 13-805(A) does not, by its express terms, address a court's authority

to award restitution, and certainly does not relieve the court of its obligation to order restitution for the "full amount" of the victim's losses upon the presentation of sufficient evidence.

**¶9** Although restitution is generally "ordered at the time of sentencing," A.R.S. § 13-603 is "silent as to when restitution must be assessed." *State v. Grijalva*, 242 Ariz. 72, 74, ¶ 9 (App. 2017) (citation omitted). While a determination of the amount and entry of a restitution order is "part of the sentencing function," *In re Stephanie B.*, 204 Ariz. 466, 469-70, ¶ 15 (App. 2003) (citation omitted), "restitution is not a punishment exacted by the [S]tate," *Zaputil*, 220 Ariz. at 428, ¶ 11, but a mechanism "to make victims whole for the economic losses they suffer from crimes." *State v. Cota*, 234 Ariz. 180, 184, ¶ 10 (App. 2014). For this reason, a different burden of proof applies to determining restitution amounts—a preponderance of the evidence standard rather than proof beyond a reasonable doubt. *In re Stephanie B.*, 204 Ariz. at 470, ¶ 15.

**¶10** With the constitutional import of victims' rights in mind, we broadly construe the statutes governing restitution to expand, rather than limit, a court's jurisdiction. *State v. Pinto*, 179 Ariz. 593, 596 (App. 1994); *cf. State v. Howard*, 168 Ariz. 458, 459-60 (App. 1991) (upholding a restitution award for future medical expenses, reasoning that including only the expenses already incurred by the victim at the time of sentencing would fail to make the victim "whole"); *Matter of Estate of Vigliotto*, 178 Ariz. 67, 69-70 (App. 1993) (holding the rights of a crime victim to be made whole by receiving restitution survives a defendant's death); *State v. West*, 173 Ariz. 602, 609 (App. 1992) (holding restitution orders are not dischargeable in a bankruptcy proceeding). In some cases, to fulfill the court's mandate—to make crime victims whole—the court must retain jurisdiction over requests for additional restitution to compensate victims for economic losses incurred after the court's pronouncement of sentence, but during the defendant's term of incarceration or period of probation. Stated differently, in the event a victim's loss cannot be calculated to a sum certain at sentencing, such as in the case of ongoing medical care, allowing for submission of additional restitution amounts for a reasonable time after sentencing, but prior to the expiration of that sentence, is warranted.

**¶11** While what constitutes a reasonable time period is a fact-specific inquiry that may vary from case to case, the State and the court are tasked with ensuring that restitution claims are presented and adjudicated in a timely manner. To encourage the timely submission of evidence to support a restitution award, a court may, in its discretion, impose a deadline for the submission of restitution claims, but this is a procedural

limitation that does not act to terminate the court's jurisdiction. *See Grijalva*, 242 Ariz. at 74, ¶ 12 ("[A]lthough a victim may waive restitution by failing to comply with a time limit set by the court, this rule is a matter of procedure. A procedural rule is based on the orderly administration of justice rather than the court's jurisdiction." (internal citation omitted)). Thus, timeliness and jurisdiction are two distinct issues, and "a request for restitution is not timely simply because the superior court retains jurisdiction to order it." *State v. Nuckols*, 229 Ariz. 266, 269, ¶ 8 (App. 2012).

**¶12** Even though the legislature did not include a general jurisdictional statement in A.R.S. § 13-603(C), the statute mandates that the court order restitution "in the full amount of the economic loss as determined by the court." By enacting A.R.S. § 13-805(A), the legislature provided the court continuing jurisdiction to regulate the payment of restitution until a defendant has: (1) satisfied the debt; (2) completed his incarceration or probation; or (3) absconded from supervision entirely. Read together, these statutes ensure that the court has the statutory authority to protect and enforce victims' constitutional right to restitution.

**¶13** Applying these statutes to the facts of this case, the victim's full medical expenses from the aggravated assault had not been realized at the time the court entered the initial restitution award. The victim's medical treatment was ongoing, the court did not impose a deadline for submitting any supplemental restitution request, and the State submitted its supplemental request while Cervantes was still serving his sentence. Cervantes asks us to find that the legislature's grant of continuing jurisdiction under A.R.S. § 13-805 to order, modify, and enforce restitution payments impliedly divests the court of jurisdiction to order additional amounts of restitution that have accrued after sentencing, but prior to the expiration of a defendant's sentence. However, nothing in the text of the statute supports the proposition that A.R.S. § 13-805 limits the court's authority to award restitution under A.R.S. § 13-603 or the victim's right to full restitution under Article 2, Section 2.1(A)(8) of the Arizona Constitution. Therefore, to fulfill the court's mandate — to make the victim whole from the economic losses caused by Cervantes' criminal conduct — the court properly exercised jurisdiction over the request for additional restitution.

II. **The superior court did not abuse its discretion by ordering the additional amounts of restitution.**

**¶14** Cervantes contends the superior court improperly awarded the amount of restitution requested. Specifically, he asserts the State failed

5

to demonstrate that the victim's post-sentence medical expenses were directly caused by the aggravated assault.

¶15 Viewing the evidence in the light most favorable to sustaining the court's restitution order, we review that order for an abuse of discretion. *State v. Stutler*, 243 Ariz. 128, 130, ¶ 4 (App. 2017). A victim may recover any economic loss directly caused by a defendant's criminal conduct but may not recover consequential damages. *Id.* "Economic loss includes lost interest, lost earnings and other losses that would not have been incurred but for the offense." A.R.S. § 13-105(16).

¶16 Here, the State proved by a preponderance of the evidence that the additional requested restitution directly flowed from the aggravated assault. At the restitution hearing, the State presented a list of expenses and testimony regarding the physical and mental treatment the victim received in the years following Cervantes' sentencing. The majority of expenses involved medical treatment for the victim's eye, which Cervantes seriously injured during the aggravated assault. In addition, the State presented evidence that a victim compensation board had verified that all the expenses stemmed from the aggravated assault. Given this evidence, the court did not abuse its discretion by finding that the additional medical expenses were a direct result of Cervantes' criminal actions and ordering him to pay additional restitution accordingly.

## CONCLUSION

¶17 The restitution order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA