65 P.3d 114

**In re STEPHANIE B.**

**No. 1 CA–JV 02–0054.**

Court of Appeals of Arizona,
Division 1, Department A.

March 27, 2003.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel Criminal Appeals Section and Richard M. Romley, Maricopa County Attorney By E. Catherine Leisch, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Wm. Troy Landry, P.C. By Wm. Troy Landry, Phoenix, Attorney for Appellant.

### OPINION

BARKER, Judge.

¶ 1 We treat in this case an issue of first impression: Whether a juvenile can be held responsible for restitution when found not delinquent of an offense specifically charging the injuries, but nonetheless adjudicated delinquent of another offense out of which the injuries arose. Because the state can fail to prove a particular offense beyond a reasonable doubt, but still prove by a preponderance of the evidence that other adjudicated criminal conduct directly caused the injuries resulting in restitution, we uphold the award.

### I.

¶ 2 On April 22, 2001, Shandra L. had an argument with Stephanie B. in a Phoenix pool hall named "The Break." Both Shandra and her boyfriend were under the influence of marijuana. Shandra left The Break and went to the Burger King across the street. Stephanie and two of her friends, with nearly half of The Break patrons in tow, followed.

¶ 3 After a second brief argument between Shandra and Stephanie, the group ended up in an alley behind a nearby bank. Stephanie and Shandra argued again. Stephanie then pulled Shandra to the ground by her hair and struck her in the face with a closed fist. There is conflicting testimony regarding how many times Stephanie punched and kicked Shandra.

¶ 4 Shandra testified that Stephanie punched her in the face at least five times and then kicked her. Shandra's boyfriend testified that Stephanie hit Shandra three to eight times in the face, kicked Shandra once in the face and then motioned to her other friends to join in. Stephanie and a friend each testified that Stephanie only punched Shandra two to three times in the face and that Stephanie was only reacting to an initial punch in the shoulder thrown by Shandra. Stephanie's friends continued the assault by kicking Shandra while she was still on the ground. As a result of the attack, Shandra had chipped and broken teeth.

¶ 5 In its original petition dated July 9, 2001, the State charged Stephanie with one count of aggravated assault, due to the "fracture of any body part," in violation of Arizona Revised Statutes ("A.R.S.") section 13–1204(A)(11) (Supp.2002).[1] The body parts at issue were Shandra's chipped and broken teeth. On August 17, 2001, the State amend-

---

**1.** The statute applies to "assault by any means of force which causes temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part, or a fracture of any body part."

ed its petition to also include a charge of aggravated assault "while the victim's capacity to resist is substantially impaired." A.R.S. § 13–1204(A)(8).[2]

¶ 6 The court conducted an adjudication hearing with respect to the charges. It found Stephanie not delinquent of the A(11) charge, assault causing the fracture of any body part, but found Stephanie delinquent on the A(8) charge, assault while the victim was substantially impaired.

¶ 7 A restitution hearing was held. Shandra claimed that four teeth were either chipped or broken as a result of Stephanie's assault on her. At the restitution hearing, the parties stipulated that Stephanie had reimbursed $146.00 to the Victim Compensation Fund for the cost of a dental appointment and physical examination for Shandra. The issue at the restitution hearing was whether Stephanie should reimburse Shandra for tooth repair costs totaling $3,720.00. Following testimony indicating that one of the four teeth repaired had been damaged prior to the assault, the court ordered that Stephanie pay $2,790.00 to Shandra, in addition to the stipulated sum of $146.00, for a total of $2,936.00.

■ ¶ 8 On appeal, Stephanie argues that the trial court erred in awarding Shandra restitution for her chipped and broken teeth. Specifically, Stephanie asserts that it was improper for the trial court to award Shandra $2,790.00 of the $2,936.00 since Stephanie

was adjudicated not delinquent of the A(11) charge for "fracture of any body part." We have jurisdiction. A.R.S. § 12–2101(A), (B) (1994). We review a trial court's determination of a restitution award for an abuse of discretion. *State v. Reynolds,* 171 Ariz. 678, 681, 832 P.2d 695, 698 (App.1992).

## II.

¶ 9 There are two issues. First, did the A(8) assault adjudication based on substantial impairment form a proper basis for the restitution award. Second, even if it did, was the restitution award, as appellant contends, "legally impermissible since the trial court found the juvenile not delinquent on the count of aggravated assault that included as an element a fracture of a body part." We treat each issue.

### A.

■■ ¶ 10 The right of a crime victim to receive restitution is based in our state's constitution:

To preserve and protect victims' rights to justice and due process, a victim of crime has a right: ... To receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury.

Ariz. Const. art. 2, § 2.1(A)(8). Several statutes have been enacted by the legislature implementing this constitutional mandate.[3]

---

2. The statute provides that "[a] person commits aggravated assault if the person commits assault as defined in § 13–1203 under any of the following circumstances: ... If the person commits the assault ... while the victim's capacity to resist is substantially impaired."

3. A.R.S. § 13–603(C) (Supp.2002) provides in part:

If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court and in the manner as determined by the court or the court's designee pursuant to chapter 8 of this title.
A.R.S. § 13–804(B) (2001) provides that:
In ordering restitution for economic loss pursuant to § 13–603, subsection C or subsection

A of this section, the court shall consider all losses caused by the criminal offense or offenses for which the defendant has been convicted.
A.R.S. § 13–105(14) (2001) defines "economic loss" as:
any loss incurred by a person as a result of the commission of an offense. Economic loss includes lost interest, lost earnings and other losses which would not have been incurred but for the offense. Economic loss does not include losses incurred by the convicted person, damages for pain and suffering, punitive damages or consequential damages.
A.R.S. § 8–344(A) (Supp.2002) specifically applies to juveniles and states that
[i]f a juvenile is adjudicated delinquent, the court ... shall order the juvenile to make full or partial restitution to the victim of the offense for which the juvenile was adjudicated delinquent or to the estate of the victim if the victim has died.

Our supreme court recently considered this constitutional mandate and the pertinent statutes applicable to adults, and set forth a three-part test to determine whether restitution is appropriate in a particular case. *State v. Wilkinson,* 202 Ariz. 27, 28–29, ¶ 6, 39 P.3d 1131, 1132–33 (2002) (discussing A.R.S. § 13–603(C), A.R.S. § 13–804(B) and A.R.S. § 13–105(14)). *Wilkinson* states:

*First, the loss must be economic. Second, the loss must be one that the victim would not have incurred but for the defendant's criminal offense.* As the court of appeals noted, however, " 'but for' causation does not suffice to support restitution, for if it did, restitution would extend to consequential damages. Yet our criminal code expressly provides the contrary." By eliminating consequential damages, the statutory scheme imposes *a third requirement: the criminal conduct must directly cause the economic loss.* If the loss results from the concurrence of some causal event other than the defendant's criminal conduct, the loss is indirect and consequential and cannot qualify for restitution under Arizona's statutes.

202 Ariz. at 29, ¶ 7, 39 P.3d at 1133 (citations omitted) (emphasis added). We find the same test to be applicable in the juvenile setting. Thus, to provide the basis for restitution a loss must: 1) be economic; 2) be one that the victim would not have incurred but for the defendant's criminal offense; and 3) directly result from the defendant's criminal conduct.[4] *Id.*

▮ ¶ 11 At the restitution hearing, the court considered testimony from Shandra's father along with arguments from both sets of counsel relating to the tooth repair. In addition, the court considered evidence that at least one of Shandra's teeth had been damaged prior to the aggravated assault of which Stephanie had been adjudicated delinquent. Ultimately, the court concluded that certain of the chipped and broken teeth (and the consequent cost of repair) were "caused by [Stephanie] in this case . . . irrespective of the offense for which she has been adjudicated."

¶ 12 The A(8) charge was based upon two primary facts: (1) an assault upon (2) a victim who was substantially impaired. The fact of the victim's impairment (by means of marijuana) is supported by the record but not at issue. As to the assault, the record clearly shows it to consist of blows to the face, *supra* ¶ 4, which the trial judge could certainly have determined were the direct cause of the broken teeth.

¶ 13 The trial court's award was completely consistent with the three-part test from *Wilkinson:* 1) Shandra suffered an economic loss when she incurred tooth repair costs totaling $2,936.00; 2) but for Stephanie's delinquent conduct (i.e. the assault), Shandra would not have required that dental repair; and 3) the required dental repair was a direct result of Stephanie's criminal conduct. Thus, the A(8) adjudication for assault supports the restitution award.

## B.

▮ ¶ 14 Stephanie's position is that the restitution award for repair of the teeth cannot stand because she was found not delinquent of the offense of "assault . . . which causes . . . a fracture of a body part." Stephanie reasons that since she was charged with, and found not delinquent of fracturing Shandra's teeth, she cannot be responsible for restitution for repair of the fractured teeth as a matter of law. We disagree.

▮ ¶ 15 Stephanie misapprehends the differing burdens of proof that apply to an adjudication of delinquency as opposed to an award of restitution. To find a juvenile delinquent of an offense (or an adult defendant guilty) the offense must be proved beyond a reasonable doubt. *In re Dayvid S.,* 199 Ariz. 169, 170, ¶ 4, 15 P.3d 771, 772 (App.2000). However, "[r]estitution does *not* require proof beyond a reasonable doubt." *Reynolds,* 171 Ariz. at 683, 832 P.2d at 700 (emphasis added). Restitution is not part of the adjudication of guilt; it is part of the sen-

---

4. Though not at issue here, restitution "may also be based on other economic losses, such as losses due to attendance at court proceedings, whether voluntary or mandatory." *In re Ryan A.,* 202 Ariz. 19, 24, ¶ 20, 39 P.3d 543, 548 (App.2002).

tencing function. *Id.* Accordingly, a different burden of proof applies:

> [R]estitution is not an element of the offense nor punishment exacted by the state. *It is the act of restoring or making the victim whole and does not require proof beyond a reasonable doubt.* The determination of the amount of *restitution* is part of the sentencing function of the court and *is bound by different rules than the adjudication of guilt.*

*State v. Fancher,* 169 Ariz. 266, 268, 818 P.2d 251, 253 (App.1991) (citations omitted) (emphasis added). The burden of proof applicable to restitution is proof by a preponderance of the evidence. *Benton v. State,* 711 A.2d 792, 797 (Del.1998) ("At sentencing, restitution may be based on those factors which are established by a preponderance of the evidence."); *Bakos v. State,* 698 So.2d 943, 944 (Fla.Dist.Ct.App.1997) ("The State must establish by a preponderance of the evidence that a significant relationship existed between the loss and the defendant's actions."); *Lawrenz v. State,* 194 Ga.App. 724, 391 S.E.2d 703, 704 (1990) ( "[T]he sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence.").

¶ 16 Thus, given the differing burdens of proof, the trial court could permissibly and appropriately determine that Stephanie was responsible for restitution for the fractured teeth on one adjudicated offense even though the State failed to prove beyond a reasonable doubt the other offense asserting the fracture. That differing burdens of proof can make a substantive difference is illustrated by the situation, not uncommon in our jurisprudence, in which an individual may be found not guilty of a particular criminal offense, but still held liable in a related civil matter due to the lesser burden of proof. *See Pima County Juv. Action No. 118537,* 185 Ariz. 77, 79–80, 912 P.2d 1306, 1308–09 (App.1994) (disparate burden of proof in civil and criminal proceedings did not preclude determination in civil proceeding that father sexually abused his niece even though he was acquitted of criminal

charges); *State v. Martinez,* 172 Ariz. 437, 441, 837 P.2d 1172, 1176 (App.1992) (citing *United States v. Nat'l Ass'n of Real Estate Bds.,* 339 U.S. 485, 493, 70 S.Ct. 711, 94 L.Ed. 1007 (1950)) ("[J]udgment of acquittal in criminal action does not bar civil action based on same facts under *res judicata* principles because burden of proof was less stringent in civil action."); *Simpson v. Brown,* 67 Cal.App.4th 914, 79 Cal.Rptr.2d 389, 401 (1998) (Due to differing standards of proof, "an issue might be litigated in one case, but that would *not* stop it from being litigated in another if the standard of proof in the first case were *higher than the second case.*"). Of course, to be held responsible for restitution a juvenile must be adjudicated delinquent (or an adult defendant found guilty) of a criminal offense which satisfies the *Wilkinson* test. *See also State v. Superior Court (Martinez),* 186 Ariz. 218, 220, 920 P.2d 784, 786 (App. 1996) (restitution is permissible "only for losses caused by the criminal conduct for which defendant was convicted."). As we note above, Stephanie's adjudication on the A(8) charge satisfies that requirement here.

¶ 17 Accordingly, due to the differing burdens of proof, a restitution award is not barred because the juvenile has been found not delinquent on a charged offense *so long as* the juvenile is found delinquent of another criminal offense that properly supports the award. Stephanie's acquittal on the A(11) charge was accordingly not a bar in light of the A(8) adjudication.

### III.

¶ 18 The restitution award is affirmed.

CONCURRING: JAMES B. SULT, Presiding Judge, and E.G. NOYES, JR., Judge.