IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2007-0317 |
|  | ) | 2 CA-CR 2007-0318 |
|  | ) | 2 CA-CR 2007-0319 |
| Appellee/Respondent, | ) | 2 CA-CR 2008-0421-PR |
|  | ) | (Consolidated) |
| v. | ) | DEPARTMENT B |
|  | ) |  |
| SANG LE, | ) | O P I N I O N |
|  | ) |  |
| Appellant/Petitioner. | ) |  |
|  | ) |  |

APPEALS AND PETITION FOR REVIEW
FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. CR-20051963, CR-20052383, and CR-20070403

Honorable Stephen C. Villarreal, Judge

AFFIRMED
REVIEW DENIED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Alan L. Amann                                    Tucson
Attorneys for Appellee

Creighton Cornell, P.C.
  By Creighton Cornell                                                     Tucson
Attorney for Appellant/Petitioner

E C K E R S T R O M, Presiding Judge.

**¶1**        Following a jury trial, Sang Le was convicted of second-degree burglary in CR-20070403. Le committed this offense while on probation from his earlier convictions for two burglaries in CR-20051963 and CR-20052383. After his probation in these two matters was revoked, Le received concurrent, presumptive prison terms of 3.5 years for each of the burglaries. For the latest burglary, the trial court imposed an enhanced, presumptive sentence of 11.25 years, to be served consecutively to those in the other cause numbers.

**¶2**        After sentencing, appellate counsel filed a motion to vacate judgment pursuant to Rule 24.2(a)(3), Ariz. R. Crim. P., arguing "*Strickland* errors" had denied Le his constitutional rights at trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding reversal of conviction required if ineffective assistance of counsel deprived defendant of constitutional rights). The trial court conducted several evidentiary hearings on the matter before denying Le's motion. The court also denied Le's requests for further hearings and for funding to retain expert witnesses to support his ineffective assistance claims. Le now challenges the trial court's post-sentencing rulings.

**¶3**        Le filed timely notices of appeal from his probation revocations and sentences in CR-20051963 and CR-20052383, as well as from his conviction and sentence in CR-20070403. We have consolidated the cases in this appeal.

**¶4**        However, as the state correctly asserts, this court cannot consider Le's arguments on appeal because they all concern ineffective assistance of trial counsel. Our supreme court has clearly specified that "ineffective assistance of counsel claims are to be

2

brought in Rule 32[, Ariz. R. Crim. P.,] proceedings. Any such claims improvidently raised in a direct appeal . . . will not be addressed by appellate courts regardless of merit." *State v. Spreitz*, 202 Ariz. 1, ¶ 9, 39 P.3d 525, 527 (2002); *see also State ex rel. Thomas v. Rayes*, 214 Ariz. 411, ¶ 20, 153 P.3d 1040, 1044 (2007) ("We therefore hold, consistent with *Spreitz*, that a defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review."). As an intermediate appellate court, we must follow the law as articulated by our supreme court. *State v. Bejarano*, 219 Ariz. 518, ¶ 6, 200 P.3d 1015, 1017 (App. 2008).

**¶5** We recognize that parallel language in Rules 24.2 and 32.1 appears to permit a defendant to raise an ineffective assistance claim in a post-trial motion to vacate judgment. *Compare* Ariz. R. Crim. P. 24.2(a)(3) (allowing court to vacate judgment on ground "conviction was obtained in violation of the United States or Arizona Constitutions"), *with* Ariz. R. Crim. P. 32.1(a) (allowing court to grant post-conviction relief if "[t]he conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona"). But such an interpretation of Rule 24 is foreclosed by Rule 32.2(a)(1), which precludes a defendant from obtaining relief under Rule 32 on any ground "[r]aisable on direct appeal under Rule 31[, Ariz. R. Crim. P.,] or on post-trial motion under Rule 24." If we were to conclude ineffective assistance claims were properly raisable under Rule 24, they could never be brought under Rule 32. *See Spreitz*, 202 Ariz. 1, ¶ 4, 39 P.3d at 526. Because, in the interest of procedural regularity, our supreme court has designated Rule 32 proceedings

as the proper vehicle for raising such claims, *Spreitz*, 202 Ariz. 1, ¶¶ 7, 9, 39 P.3d at 526, 527, it therefore follows that defendants may not assert ineffective assistance of counsel claims in post-trial motions under Rule 24.2.

**¶6** Because Le has raised no claims cognizable on appeal, we affirm his convictions and sentences in CR-20051963, CR-20052383, and CR-20070403.

**¶7** When he submitted his reply brief, Le also filed a petition for review pursuant to Rule 32.9, Ariz. R. Crim. P., in CR-20051963 and CR-20052383.[1] We ordered the petition for review consolidated with Le's direct appeals. Generally, a petition for review must be filed within thirty days of a trial court's final decision on a petition for post-conviction relief. Ariz. R. Crim. P. 32.9(c). A trial court may, however, grant an extension of time for filing a petition for review, *see id.*, and the trial court did so here after denying Le's petitions for post-conviction relief in CR-20051963 and CR-20052383. Nevertheless, Le's petition for review is still untimely because it was filed more than two months after the deadline imposed by the trial court. Le acknowledges this defect, and, given our discretion over post-conviction matters, we deny review of the petition on this ground. *See* Ariz. R. Crim. P. 32.9(f); *State v. Whipple*, 177 Ariz. 272, 274 & n.4, 866 P.2d 1358,

---

[1]Le has never filed a notice of, or petition for, post-conviction relief in CR-20070403. Although he asks this court essentially to deem his appellate brief a petition for review and decide the issues raised therein on the merits, in the exercise of our discretion and in the interest of procedural regularity, we decline to do so. *See* Ariz. R. Crim. P. 32.9(f) (appellate court's review of post-conviction ruling discretionary); *see also* Ariz. R. Crim. P. 32.4(a) (timely filing of post-conviction relief notice commences proceedings).

1360 & n.4 (App. 1993) (noting discretionary power of appellate court to deny review of petition for review).

 

_____

PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____

J. WILLIAM BRAMMER, JR., Judge



_____

GARYE L. VÁSQUEZ, Judge