IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————

THE STATE OF ARIZONA,
*Appellee*,

*v.*

SUMMER LYNN LEON,
*Appellant*.

No. 2 CA-CR 2015-0019
Filed August 29, 2016

———————————

Appeal from the Superior Court in Pima County
No. CR20131300001
The Honorable Richard D. Nichols, Judge

**AFFIRMED**

———————————

COUNSEL

Mark Brnovich, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Jonathan Bass, Assistant Attorney General, Tucson
*Counsel for Appellee*

Steven R. Sonenberg, Pima County Public Defender
By Erin K. Sutherland, Assistant Public Defender, Tucson
*Counsel for Appellant*

———————————

**OPINION**

Judge Espinosa authored the opinion of the Court, in which Presiding Judge Howard and Judge Staring concurred.

————————————————

E S P I N O S A, Judge:

¶1　　　　After a jury trial, Summer Lynn Leon was convicted of theft of property or services, computer tampering, and fraudulent scheme and artifice. The jury expressly found the property that was the subject of the theft had a value of "$25,000 or more, but less than $100,000." The trial court suspended the imposition of sentence and placed Leon on concurrent probation terms of seven years and ordered her to serve thirty days in jail as a condition of that probation. After a hearing, the court also ordered restitution totaling $195,670. On appeal, Leon contends the court violated her constitutional rights by ordering restitution in excess of the jury's verdict. For the following reasons, we affirm.

**Factual and Procedural Background**

¶2　　　　We view the evidence relating to restitution in the light most favorable to sustaining the trial court's order. *State v. Lewis*, 222 Ariz. 321, ¶ 5, 214 P.3d 409, 412 (App. 2009). In 2004, Leon was hired as a part-time collections agent for Desert Sports and Fitness Holdings (DSF). She eventually was promoted to corporate manager, where she supervised payroll, bookkeeping, and account collections. In mid-2011, an outside company was contracted to audit DSF's accounts receivable, which required implementing a new system. Leon was resistant to assisting in its implementation. And on the morning of the conversion to the new system, she telephoned the owner to inform him she had "decided to quit," citing child-care issues.

¶3　　　　About two months after Leon's departure, DSF received notice from the Department of Economic Security that Leon had filed seven unemployment claims. DSF's owner was "surprised" by the number of claims, but "didn't think much of it" because Leon had voluntarily resigned. However, in July 2012, as a result of an

Internal Revenue Service audit of Leon's federal W-2 forms, it was discovered that from April 2010 to December 2011, Leon had generated over one hundred extra paychecks from DSF, which had been deposited into her bank account. The total taken exceeded $200,000. The matter was reported to the Tucson Police Department, and Leon was arrested and charged with theft of property "valued at $25,000 or more," computer tampering, and fraudulent scheme and artifice.

¶4        The jury convicted Leon on all counts and, as noted above, found the property valued between $25,000 and $100,000. The trial court sentenced her as previously described and scheduled a restitution hearing. After hearing testimony and taking the matter under advisement, the court awarded DSF restitution in the amount of $195,670. Leon appealed the restitution order, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033.

**Restitution Order**

¶5        Leon contends, for the first time on appeal, that the imposition of restitution in excess of the loss determined by the jury violated her "state and federal constitutional right to have a jury determine all factors affecting the minimum or maximum sentence that could be imposed." Specifically, she argues that because the jury found her guilty of theft under $100,000, the trial court was prohibited from ordering restitution in excess of that amount pursuant to "*Apprendi* and its progeny."[1]

¶6        We generally review a trial court's restitution order for an abuse of discretion. *Lewis*, 222 Ariz. 321, ¶ 5, 214 P.3d at 411. Although Leon challenged the restitution award below, she failed to raise the specific constitutional argument she now urges. Consequently, we review for fundamental, prejudicial error. *See id.* ¶ 13; *see also State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005) (fundamental error review applies to constitutional claims first raised on appeal). But to the extent our decision rests on a

---

[1]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

question of law, our review to determine whether any legal error occurred is de novo. *Id.* n.2; *see also Coleman v. Johnsen*, 235 Ariz. 195, ¶ 6, 330 P.3d 952, 953 (2014) (applying de novo review to constitutional issues).

**¶7** Upon conviction, a defendant is required to "make restitution to the person who is the victim of the crime . . . in the full amount of the economic loss as determined by the court." A.R.S. § 13-603(C); *see also* Ariz. Const. art. II, § 2.1(A)(8) (victim has right to "prompt restitution" from "person . . . convicted of the criminal conduct that caused the victim's loss"). An "'[e]conomic loss' [is] any loss incurred by a person as a result of the commission of an offense . . . that would not have been incurred but for the offense." A.R.S. § 13-105(16); *see also* A.R.S. § 13-804(B) (court "shall consider all losses caused by the criminal offense or offenses for which the defendant has been convicted"). The state must establish restitution by a preponderance of the evidence, *In re Stephanie B.*, 204 Ariz. 466, ¶ 15, 65 P.3d 114, 118 (App. 2003), and it may only be imposed "on charges for which a defendant has been found guilty, to which he has admitted, or for which he has agreed to pay," *State v. Garcia*, 176 Ariz. 231, 236, 860 P.2d 498, 503 (App. 1993).

**¶8** Leon does not dispute that DSF was entitled to restitution, but asserts the trial court violated her Sixth Amendment right to a jury trial by ordering restitution in excess of the jury verdict, in contravention of *Apprendi* and *Southern Union Co. v. United States*, ___ U.S. ___, 132 S. Ct. 2344 (2012). In *Apprendi*, the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Subsequently, *Blakely v. Washington*, 542 U.S. 296, 303, 308 (2004), clarified that *Apprendi* created a bright-line rule prohibiting the trial court from imposing a sentence beyond the "maximum sentence it may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." More recently, the Court expanded the *Apprendi* rule to fact-finding in the context of criminal fines. *See S. Union Co.*, 132 S. Ct. at 2348-50 (jury must determine facts establishing criminal fine).

¶9 Leon acknowledges that no court has applied *Apprendi* to restitution awards but argues for its expansion, contending Arizona courts have mischaracterized restitution as a civil remedy, and that it "is actually a punishment" requiring "jury determination of the amount . . . owed." *Cf. id.* at 2350-51 (*Apprendi* and Sixth Amendment right to jury trial only "triggered" when *punishment* imposed). In support, Leon discusses the "harmful consequences" of restitution and notes that Arizona has adopted the minority position on this issue, citing twenty-three jurisdictions that have determined "restitution is punitive."

¶10 In Arizona, the courts have uniformly concluded that restitution's primary purpose is not penal in nature. *See Town of Gilbert Prosecutor's Office v. Downie*, 218 Ariz. 466, ¶ 13, 189 P.3d 393, 396 (2008) ("Restitution is not meant to penalize the defendant; that function is served by incarceration, fines, or probation."); *State v. Cota*, 234 Ariz. 180, ¶ 11, 319 P.3d 242, 246 (App. 2014) (purpose of restitution not to punish); *State v. Zaputil*, 220 Ariz. 425, ¶ 11, 207 P.3d 678, 681 (App. 2008) ("restitution is not a penalty or a disability"); *State v. Fancher*, 169 Ariz. 266, 268, 818 P.2d 251, 253 (App. 1991) (restitution to victim of crime is not criminal punishment exacted by the state). Instead, the "primary purposes of restitution" are "reparation to the victim and rehabilitation of the offender." *State v. Wilkinson*, 202 Ariz. 27, ¶ 13, 39 P.3d 1131, 1134 (2002); *cf. United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000) (direct victim restitution appropriately substitutes for civil remedy so crime victims need not file separate civil lawsuits).

¶11 Even were we able to depart from our well-established precedent, *see State v. Sang Le*, 221 Ariz. 580, ¶ 4, 212 P.3d 918, 919 (App. 2009) (intermediate appellate court must follow law as articulated by supreme court), Leon has presented nothing that would persuade us to do so.[2] The trial court's award was duly

---

[2] We also decline Leon's invitation to evaluate the "harmful consequences" restitution imposes on defendants. As the state notes, the law and effects of restitution have been "thoroughly analyzed" by our courts, and we see no reason to revisit our state's public policy here, given our limited review and the clear purpose of

limited to the economic loss DSF actually incurred as a result of Leon's theft. *See* § 13-603(C); *see also* § 13-105(16). Notably, Leon does not dispute that finding. And in calculating restitution, the court subtracted the amount DSF had already recovered from insurance proceeds. Thus, the purpose and focus of the award was not to punish Leon for the crime she committed, but instead was clearly designed to make DSF whole. *See State v. Guilliams*, 208 Ariz. 48, ¶ 12, 90 P.3d 785, 789 (App. 2004).

**¶12**    Finally, even were we to conclude restitution should be regarded as punishment, *Apprendi* still would not control because, unlike a fine, victim restitution is not subject to a statutory maximum. *Compare* § 13-603(C) (defendant must make restitution to victim "in the full amount of the economic loss"), *with* § 13-801(A) (felony fine shall not exceed $150,000); *cf. S. Union Co.*, 132 S. Ct. at 2354-55 (applying *Apprendi* to criminal fine imposed in excess of statutory maximum). *Apprendi* and its progeny require a jury to find any fact that either increases a sentence beyond the statutory maximum or increases a mandatory minimum sentence. *See Apprendi*, 530 U.S. at 490 (any fact increasing sentence beyond statutory maximum must be submitted to jury); *Alleyne v. United States*, ___ U.S. ___, ___, 133 S. Ct. 2151, 2155 (2013) (any fact increasing mandatory minimum sentence must be submitted to jury). Because there is no "statutory maximum" or "mandatory minimum" applying to restitution that can be ordered under § 13-603(C), we conclude the *Apprendi* rule is inapplicable. Although Leon asserts other "courts are beginning to recognize that *Apprendi* might apply to restitution in light of *Southern Union*" and argues we should extend its application here, she has not presented us with any authority on which to do so. *See State v. Keith*, 211 Ariz. 436, ¶ 3, 122 P.3d 229, 230 (App. 2005) (appellate court will not anticipate how Supreme Court may rule in the future).

---

the trial court's award. *See State ex rel. Romley v. Gaines*, 205 Ariz. 138, ¶ 19, 67 P.3d 734, 740 (App. 2003) (public policy issues firmly in the province of the legislature, not the court of appeals); *cf. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607 (scope of review for fundamental error is limited).

## Conclusion

**¶13** Because restitution is neither a penalty nor subject to a statutory maximum, and because the *Apprendi* rule does not apply here, the trial court did not err in imposing restitution in excess of the jury verdict. *See Fancher*, 169 Ariz. at 268, 818 P.2d at 253 (restitution not limited to value range of specific crime of which defendant was convicted). Accordingly, the trial court's restitution award is affirmed.