NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE CHEYENNE H.

No. 1 CA-JV 17-0259
FILED 12-7-2017

Appeal from the Superior Court in Maricopa County
No.   JV200600
The Honorable Glenn A. Allen, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Preciado Law Firm PLC, Phoenix
By Stephanie Preciado
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee State of Arizona*

## MEMORANDUM DECISION

Justice Rebecca White Berch[1] delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Peter B. Swann joined.

B E R C H, Justice:

¶1        Cheyenne H. appeals the juvenile court's restitution order, arguing that the court abused its discretion in awarding restitution to R.M. ("Victim") for an amount not proven to directly result from her conduct. We disagree and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2        In November 2015, Cheyenne followed another juvenile into Victim's garage, where the other juvenile was involved in an altercation with Victim's son.  When Victim attempted to break up the fight, Cheyenne punched Victim several times causing Victim to suffer a maxillary sinus fracture and chipped teeth.[2]

¶3        Following an adjudication hearing, the juvenile court found Cheyenne delinquent of aggravated assault, criminal trespass in the first degree, and disorderly conduct.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1204(A)(3), -1504(A)(1), and -2904(A)(1).  Before the disposition hearing, Victim filed a Verified Victim Statement of Financial Loss, consisting of her estimated dental expenses and lost income attributable to medical appointments and juvenile court appearances.[3]  The court placed Cheyenne on supervised probation and set a restitution hearing.

---

[1]     The Honorable Rebecca White Berch, retired Justice of the Arizona Supreme Court, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]     Victim suffered further damage to an already chipped tooth as a result of the assault.

[3]     Victim used personal time to attend medical appointments and court hearings and therefore lost those personal or vacation days for future use. Cheyenne does not appeal the court's order of restitution related to payment for time taken off work.

¶4         At the restitution hearing, Victim testified that Cheyenne damaged several of her teeth, she was unable to speak for days due to swelling, and she required extensive dental work.  Victim consulted with a dentist a week after the assault, but the dentist was unwilling to treat Victim at that time because of the instability of her teeth and the risk of causing more damage.  When Victim returned to the dentist months later as instructed, the dentist provided her with a comprehensive estimate of $8220.09.   The juvenile court ordered Cheyenne to pay $8,220.09 in restitution, which is the subject of this appeal.

## DISCUSSION

¶5         Cheyenne argues that the juvenile court erred by ordering restitution for damages not proven to be a direct result of her criminal conduct.  Viewing the evidence in the light most favorable to sustaining the adjudication and upholding the restitution order, we conclude that sufficient evidence supports the court's restitution order.  *See In re Julio L.*, 197 Ariz. 1, 2–3, ¶ 6 (2000); *In re Andrew C.*, 215 Ariz. 366, 367, ¶ 6 (App. 2007).

¶6         Although the State must prove an offense beyond a reasonable doubt for a court to find a juvenile delinquent, *In re Dayvid S.*, 199 Ariz. 169, 170, ¶ 4 (App. 2000), "[r]estitution does *not* require proof beyond a reasonable doubt."  *State v. Reynolds*, 171 Ariz. 678, 683 (App. 1992) (emphasis added).  Unlike the adjudication of elements of the crime, restitution is designed to ameliorate the harm to the victim and is part of the sentencing function.  *Id.*  Accordingly, a lesser burden of proof applies.  *State v. Fancher*, 169 Ariz. 266, 268 (App. 1991).  The burden of proof applicable to restitution is proof by a preponderance of the evidence.  *In re Stephanie B.*, 204 Ariz. 466, 470, ¶ 15 (App. 2003).

¶7         A court must order a juvenile to make full or partial restitution to the victim of an offense for which the court has adjudicated the juvenile delinquent.   A.R.S. § 8–344(A); *see also* Ariz. Const. art. 2, § 2.1(A)(8).   The court "has discretion to set the restitution amount according to the facts of the case" to help remediate the economic loss the victim has suffered as a result of the adjudicated person's conduct.  *In re Ryan A.*, 202 Ariz. 19, 24, ¶ 20 (App. 2002); *see also In re Andrew C.*, 215 Ariz. 366, 368, ¶ 9 (applying economic loss test for determining restitution in criminal cases announced in *State v. Wilkinson,* 202 Ariz. 27, 29, ¶ 7 (2002)).

¶8         A victim's economic losses are recoverable as restitution if there is a causal connection between the criminal conduct and the claimed

loss. In making this determination, "Arizona's restitution statutes direct the trial court to [apply] a 'but for' or a 'direct result' analysis." *State v. Blanton*, 173 Ariz. 517, 520 (App. 1992); *see also State v. Foy*, 176 Ariz. 166, 170 (App. 1993).[4] This court has found economic loss to be directly attributable to the offense if it "flows," or results from the offense and is not considered consequential damages. *Reynolds*, 171 Ariz. at 681.

¶9 Here, the juvenile court found Cheyenne caused the losses the Victim suffered, and for which she testified and submitted documentation. At the restitution hearing, Victim testified that the swelling of her mouth caused her speech to be "slurred," and she was unable to brush her teeth for "quite a few weeks" after the assault because her teeth were "falling into pieces" every time she brushed. Victim's dentist was unwilling to treat Victim immediately after her injury because her condition was unstable and treatment would cause further damage. When Victim later returned for treatment, the dentist provided the estimate that is the subject of this appeal.

¶10 Although the estimate references procedures such as root canal therapy and crown buildup and did not detail which specific tooth was to be treated in each line item, all the procedures were included as necessary to correct the result of the injury caused by Cheyenne. Victim testified she understood all the treatment was necessary and resulted from the damage inflicted by Cheyenne.

¶11 The evidence supports the juvenile court's finding that Victim's economic loss was a direct result of Cheyenne's conduct. The court did not abuse its discretion in ordering Cheyenne to pay the amount of the dentist's estimate.

---

[4] Because the juvenile and adult restitution statutes are similar, we look to the restitution statutes and caselaw employed in adult criminal prosecutions for guidance in determining the propriety of the juvenile court's order here. *See Maricopa County Juv. Action No. JV–128676*, 177 Ariz. 352, 353 (App. 1994).

## CONCLUSION

¶12     We affirm.