NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE: GAGE K.

No. 1 CA-JV 21-0176
FILED 10-14-2021

Appeal from the Superior Court in Mohave County
No. S8015JV202000079
The Honorable Megan A. McCoy, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Offices of Harriette P. Levitt, Tucson
By Harriette P. Levitt
*Counsel for Appellant*

Mohave County Attorney's Office, Kingman
By Jeffrey B. Haws
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

_____

**C R U Z**, Judge:

**¶1**　　　　Gage K. appeals the superior court's order that he pay restitution to the victim J.W. in the full amount requested by the victim.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　In 2020, Gage K., then a juvenile, burglarized J.W.'s home. J.W.'s neighbor, who knew Gage, saw him jump over J.W.'s fence and into J.W.'s yard on the day of the burglary.  Shortly thereafter the neighbor saw Gage throw something over the fence and exit J.W.'s yard.  The neighbor called J.W. and reported what she had seen.  J.W. found that multiple pieces of jewelry, jewelry equipment, and coins he owned had been stolen.  A police officer contacted Gage, who denied committing the burglary.  After searching Gage's bedroom, the officer found a ring and some coins belonging to J.W.  When the officer asked Gage where the other stolen items were, he said he had given them to a friend for safekeeping.  No other stolen items were ever recovered.

**¶3**　　　　Gage entered into a disposition agreement, which required him to make restitution for J.W.'s economic loss.  The superior court informed Gage of his rights and the consequences of entering the agreement including the restitution requirement.  The court adjudicated Gage delinquent, placed him on probation and reserved ruling on restitution. The court then held a contested restitution hearing.  Gage testified that the only items he had taken from J.W.'s home were the coins and ring the officer found in his room.  He denied giving any additional stolen items to his friend, and testified that he had lied when he stated otherwise to the officer. The court awarded restitution in the amount of $10,518.41.  Gage timely appealed the restitution order, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8-235(A).

## DISCUSSION

**¶4** We review the superior court's restitution order for an abuse of discretion, considering the facts in the light most favorable to upholding the order. *In re Andrew C.*, 215 Ariz. 366, 367, ¶ 6 (App. 2007). We will uphold the court's restitution order if the amount of restitution ordered "bears a reasonable relationship to the victim's loss." *In re William L.*, 211 Ariz. 236, 239, ¶ 10 (App. 2005) (citation omitted).

**¶5** Section 8-323 authorizes the superior court to order a juvenile to pay restitution to "any person who suffered an economic loss as the result of the juvenile's conduct." A.R.S. § 8-323(F)(9). Economic loss is "any loss incurred by a person as a result of the commission of an offense." A.R.S. § 13-105(16). A victim must prove a restitution claim by a preponderance of the evidence. *In re Stephanie B.*, 204 Ariz. 466, 470, ¶ 15 (App. 2003).

**¶6** Gage argues that the court's restitution order was not supported by the evidence. Here, the superior court calculated restitution at $10,518.41 based on J.W.'s testimony as to the value of the items stolen, the testimony of the restitution advocate who assisted J.W. with online research and prepared the restitution ledger, and the restitution ledger. The court found J.W.'s testimony credible, and Gage's testimony not credible, because Gage had "made one accounting of the events to law enforcement and another changed version" to the court. The court rejected Gage's arguments that someone else stole some of the items and that J.W. had embellished his accounting of his property. The court also found that J.W.'s testimony was corroborated by the uncontested fact that some of J.W.'s coins and jewelry were found in Gage's possession.

**¶7** The superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). The superior court exercised its discretion in finding that J.W.'s claims that the items listed in the restitution ledger (minus $100 for earrings J.W. had believed were stolen but found before the hearing), were stolen when Gage burglarized J.W.'s home. Although Gage argues that the values J.W. gave for his stolen property were "questionable," the superior court found that the restitution requested was reasonably related to the burglary and supported by a preponderance of the evidence. And the fact that J.W. had not insured the stolen items does not, as Gage suggests, indicate the items were worth less than J.W. claimed. The superior court

was in the best position to resolve the disputed facts and determine the credibility of both Gage and J.W.  *See id.*  We find no abuse of discretion.

## CONCLUSION

¶8        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4