NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE DELINQUENCY AS TO A.S.

No. 1 CA-JV 22-0210
FILED 3-9-2023

Appeal from the Superior Court in Maricopa County
No. JV207011
The Honorable Amanda Chua, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Maricopa County Public Advocate, Phoenix
By Caitlin Engstrand
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

**¶1**          A.S. ("Juvenile") appeals the superior court's restitution order.  We affirm the order, except for the portion of that order holding Juvenile's maternal grandparents jointly and severally liable, which we vacate.

## FACTS AND PROCEDURAL HISTORY

**¶2**          In December 2021, Juvenile and an accomplice, each armed with a handgun, carjacked M.S. ("the victim"), threatening to shoot her if she did not relinquish her vehicle and its contents.  Later that day, the victim filed a stolen property list with the Glendale Police Department.  The police later arrested Juvenile, and he was charged in a delinquency petition with three felonies: (1) armed robbery, (2) theft of means of transportation, and (3) being a minor in possession of a firearm.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-1904, -1814, -3111.

**¶3**          As part of a plea agreement, Juvenile pled delinquent to an amended charge of robbery, a class four felony, *see* A.R.S. § 13-1902, and the State agreed to drop the remaining charges.  Juvenile also promised to "pay restitution for all economic loss to all victims . . . for all counts and/or events, including dismissed and/or amended counts or events."  The plea agreement also provided that Juvenile's parents or legal guardians could be held jointly and severally liable.  The court accepted the plea and adjudicated Juvenile delinquent.

**¶4**          The victim then submitted a verified victim statement of financial loss ("VVS"), listing items in her vehicle that were not recovered.  Juvenile requested a restitution hearing, and over three days, the victim testified to the loss of each item on her VVS.  Although she lacked receipts for the listed items, she provided several photographs of advertisements for comparable items.

**¶5**          The court awarded the victim $3,391.68 in restitution, including (1) $420 for lost income, (2) $38.02 for medical mileage, (3) $500 for her auto insurance deductible, (4) $150 in missing cash, (5) $1,483.66 for three iPhones, and (6) $800 for other property she lost.  The court also held Juvenile's maternal grandparents jointly and severally liable.

**¶6**          We have jurisdiction over Juvenile's timely appeal under A.R.S. §§ 8-235(A) and 12-2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 601(a).

**DISCUSSION**

**¶7**          We review a restitution order for an abuse of discretion. *In re Richard B.*, 216 Ariz. 127, 130, ¶ 12 (App. 2007). The superior court retains broad discretion to make victims whole, *In re Joseph L.*, 251 Ariz. 447, 449, ¶ 9 (App. 2021), and we will uphold the court's award if it bears a reasonable relationship to the victim's loss, *State v. Lindsley*, 191 Ariz. 195, 197 (App. 1997).

**¶8**          To support a restitution order, evidence must show the victim suffered a loss that (1) is economic, (2) is "one that the victim would not have incurred but for the defendant's criminal offense," and (3) "directly result[s] from the defendant's criminal conduct." *In re Stephanie B.*, 204 Ariz. 466, 469, ¶ 10 (App. 2003) (citing *State v. Wilkinson*, 202 Ariz. 27, 29, ¶ 7 (2002)). The evidence must also "provide a basis for setting an amount that is not speculative." *In re Michelle G.*, 217 Ariz. 340, 343, ¶ 10 (App. 2008) (citation omitted). The burden is on the State to prove by a preponderance of the evidence that the victim is entitled to restitution. *Stephanie B.*, 204 Ariz. at 470, ¶ 15. We view the facts in the light most favorable to affirming the court's determination. *In re Andrew A.*, 203 Ariz. 585, 586, ¶ 5 (App. 2002).

        I.          The Victim's Credibility

**¶9**          Throughout his brief, Juvenile argues the victim was unreliable and her testimony was not credible, which he maintains rendered her restitution request "speculative."

**¶10**          Because the superior court is in the best position to determine witness credibility and analyze exhibits for restitution purposes, we defer to its factual findings if supported by reasonable evidence. *Richard B.*, 216 Ariz. at 130, ¶ 12. We will not reweigh the evidence. *See Andrew A.*, 203 Ariz. at 587, ¶ 9. If the victim's testimony supports the restitution order, it is within the court's discretion to find her credible and accept her testimony as proof of loss for restitution purposes. *See id.*

**¶11**          Juvenile argues the victim included missing items on the VVS that she did not include on the stolen property list she filed with the Glendale Police Department, and he suggests the additional items show either dishonesty or a general lack of credibility. As he acknowledges, however, "it may be common for a victim to notice additional missing items after the offense," and given the nature of the crime, it was not unreasonable for the victim to make additions and corrections after reflection. At the hearing, the victim testified she realized more items were missing after she

first spoke with police. She tried to call the police department multiple times to update her stolen property list, but likely because of the language barrier, was not successful. The superior court acted within its discretion when it implicitly found the VVS to be more accurate than the initial property list.

¶12         Juvenile also notes the victim provided inconsistent and at times confusing testimony, especially when she appeared to testify that she had two birthdates. During her testimony, the victim stated she received a purse for her birthday in May. She later stated she received a phone for her birthday in December. When questioned about the incongruity, she clarified that the purse was a gift for Mother's Day. The superior court did not abuse its discretion in implicitly accepting her explanation, especially given the inherent and obvious difficulties posed by the victim's use of an interpreter at the hearing.

¶13         Juvenile next notes the victim acknowledged having memory problems, due at least in part to her diabetes and two recent diabetic comas. But nothing in the record suggests her problems necessarily rendered her entire testimony unreliable. The court acted within its discretion in accepting her testimony as to those items she could remember.

¶14         Juvenile also argues the victim misrepresented the reason for her physical absence during the second day of the restitution hearing. But the victim explained she had recently experienced a medical emergency, and she was in transit to a follow-up doctor's appointment scheduled at a time likely to overlap with the hearing. The court accepted her explanation, denied Juvenile's motion to deny the victim's restitution request, and continued with the restitution hearing. We find no abuse of discretion by the court.

¶15         Juvenile further argues the victim's testimony was not credible as she was confused as to the exact models or generations of the three iPhones that had been stolen from her vehicle.[1] Juvenile presented impeachment testimony from an investigator for the Public Advocate's Office, who testified as to the inconsistencies in her testimony and why the generation of the iPhones would affect their value. The court found the victim credible as to her valuation of some items for which she requested restitution, but also found at least a portion of the investigator's testimony

---

[1]      On the property list, the victim listed an iPhone 11 XM, an iPhone 10 XM, and an iPhone 5. The victim claimed at the hearing and in her VVS that she had an iPhone 12 Pro Max, an iPhone 10 X Max, and an iPhone 5.

credible because it relied on that testimony in valuing one of the missing iPhones. The superior court acted within its discretion in implicitly finding the victim credible and relying on at least some portion of her testimony in ordering restitution.

## II. The Sufficiency of the Victim's Evidence

**¶16** Juvenile notes the victim lacked receipts or other documentation for much of the restitution she was seeking, and he argues that, even if the victim were credible, the court abused its discretion in relying on her VVS and testimony, which he maintains were insufficient evidentiary support for restitution. We disagree.

**¶17** A victim's VVS and credible testimony may be sufficient, on their own, to support a monetary award. *See* A.R.S. § 8-344(B) ("The court may consider a verified statement from the victim or estate of the victim concerning damages for lost wages, reasonable damages for injury to or loss of property and actual expenses of medical treatment for personal injury, excluding pain and suffering."); *State v. Stutler*, 243 Ariz. 128, 131, ¶ 8 (App. 2017) (holding that a victim's testimony and loss affidavit were sufficient to support a restitution award). Substantial evidence supported the superior court's restitution order, and the court did not abuse its discretion in relying on the victim's VVS and testimony in crafting its restitution order.

## III. The Court's Reference to the Unadmitted Police Report

**¶18** Juvenile argues that, in awarding restitution, the superior court abused its discretion by referencing a police report that was not entered into evidence or relied on by either party during the restitution hearing.

**¶19** We review for harmless error the superior court's consideration of a report not admitted into evidence. *See State v. Stevens*, 158 Ariz. 595, 597 (1988). In general, error is harmless if the evidence is merely cumulative. *See State v. Williams*, 133 Ariz. 220, 226 (1982).

**¶20** In awarding the victim $420 for lost income, the court stated:

> Victim's loss of income claim is $420.00. Though Victim provided no written proof of lost wages, this incident occurred while she was working. Victim's testimony is supported by the police investigation report. (Exhibit 3.) The amount of two weeks of lost wages is reasonable considering

the violent nature of the offense plead to by the juvenile. The amount of the lost income awarded to Victim is $420.00.

¶21     Here, the victim testified extensively as to her lost income, explaining she worked as a security guard and used her personal vehicle in performing her job duties. She further testified that, along with having her vehicle stolen, damaged, and at least temporarily unavailable to her, she was so stressed just after the robbery that she had to be hospitalized, and consequently, she missed two weeks of work. She testified to the hours she was supposed to work and requested $420 in reimbursement for two weeks of missed hourly wages, at around minimum wage. And although she did not provide paystubs, she did provide copies of two Zelle transfers, one of them for $400, and testified that this was how she was typically paid. While the Juvenile questioned her about why she did not provide more documents related to her income, he never contested that she was employed or unable to work for at least two weeks due to the robbery.

¶22     The victim's testimony and VVS provided the court with the non-speculative documentation necessary to award restitution for lost income. Juvenile does not explain how the police report was anything except cumulative information confirming the victim's testimony, and on this record, the court's mention of the unadmitted exhibit in its minute entry was harmless.

¶23     Juvenile also contends the court reviewed and relied on Exhibit 3 in awarding restitution for the stolen iPhones. The record does not support Juvenile's contention.

¶24     As for the iPhones, the court stated, "Since the three phones were referenced both in the Glendale Police Department as well as Victim's verified statement, the court awards restitution for the three phones in the following amounts." Juvenile asserts that, when referring to the "Glendale Police Department" document, the court must have been referring to Exhibit 3. But the court was likely referencing the stolen property list, which was admitted into evidence. The property list, in large bold letters at the top of the document, includes the header "Glendale Police Department," and lists the three iPhones the victim claimed were missing, which corresponds with what was listed in the VVS and corroborated through the victim's testimony at the hearing. Juvenile's own argument on appeal, in which he "disagrees . . . that the iPhones were referenced within the police report," further contradicts his assertion that the court was referencing Exhibit 3 with respect to the iPhones. Because the superior court did not reference Exhibit 3 as to the iPhones, no error exists.

IV.     The Court's Basis for the Items in the Restitution Order

¶25     The victim provided substantial evidence through testimony and the admitted VVS for the items in the restitution order, including the $150 in missing cash awarded by the court.[2]  Juvenile nonetheless argues the superior court abused its discretion in awarding $800 as reasonable damages for other stolen personal property.  He maintains that, because the court did list each item and a value ascribed, the record cannot support the court's order.

¶26     As stated above, we will affirm a restitution order if it bears a reasonable relationship to the victim's loss, *Lindsley*, 191 Ariz. at 197, and here, the victim testified to all the personal property claimed in her VVS. Juvenile had the chance to cross-examine her on every item on the list, and the court awarded the victim less than the full amount claimed, while explaining that it was applying fair market value to the missing personal property.   It was within the court's discretion to make reasonable adjustments to the claimed value of the property and to find the victim credible as to some things, but not others.  And Juvenile benefitted from the court's reduced award.  Because Juvenile was not prejudiced by the court's decision to award a reduced monetary value for the rest of the victim's property, we affirm that portion of the order. *See Richard B.*, 216 Ariz. at 131, ¶ 18.

V.      Joint and Several Liability

A.      The State's Concession

¶27     Juvenile argues the superior court erred in ordering that the maternal grandparents be jointly and severally liable for restitution.  *See* A.R.S. §§ 8-344(C) ("[T]he court may order one or both of the juvenile's custodial *parents* to make restitution to the victim of the offense for which the juvenile was adjudicated delinquent . . . ." (emphasis added)), 12-661(A) ("[The] parents or [legal] guardian having custody or control shall be jointly and severally liable with such minor for any actual damages resulting from such malicious or wilful misconduct.").

¶28     Because the maternal grandparents were neither Juvenile's parents nor legal guardians at the time of the offense, the State concedes the court erred in holding them jointly and severally liable, and we agree.

---

[2]     Juvenile does not specifically challenge the court's award for lost cash.  Accordingly, he has waived any specific challenge to that portion of the restitution order. *See State v. Carver*, 160 Ariz. 167, 175 (1989).

Although Juvenile lived with his maternal grandparents for several years, they did not have legal guardianship over him until shortly before the February 2022 disposition hearing. The record therefore does not support the portion of the restitution order finding the grandparents jointly and severally liable. *See Stalcup ex rel. Pfaff v. Ilstrup*, 155 Ariz. 373, 373-74 (App. 1987) (explaining that "[o]ne cannot be held to a duty that he is legally disempowered to discharge" (citations omitted)). We therefore vacate that portion of the order finding Juvenile's maternal grandparents jointly and severally liable.

### B. Juvenile's Request for Remand

**¶29** Juvenile next argues that, if his maternal grandparents cannot be held jointly and severally liable, the superior court should reconsider whether to order full or partial restitution. He contends that if the court had known it lacked authority to make his grandparents jointly and severally liable, it may have ordered him to pay only partial restitution.

**¶30** Under A.R.S. § 8-344(A), "[i]f a juvenile is adjudicated delinquent, the court, after considering the nature of the offense and the age, physical and mental condition and earning capacity of the juvenile, shall order the juvenile to make full or partial restitution to the victim of the offense for which the juvenile was adjudicated delinquent." Subsection (A) thus explicitly contemplates that the court consider a juvenile's earning capacity in deciding whether to impose full or partial restitution, but it does not contemplate the availability of a parent, guardian, or grandparent to shoulder the financial burden on behalf of the juvenile. *See Mathews ex rel. Mathews v. Life Care Ctrs. of Am., Inc.*, 217 Ariz. 606, 608, ¶ 6 (App. 2008) (stating that when interpreting statutes, the court looks to the plain language of the statute as the best indicator of legislative intent); *cf.* A.R.S. § 8-344(C) ("The court shall not consider the ability of the juvenile's parents to pay restitution before making a restitution order.").

**¶31** Here, the court found Juvenile was "of a maturity and physical condition as well as age where he shall be fully responsible for the amount of the Restitution owed. [Juvenile] may not have the current ability to work, but he will be of working age before the year is out." The record is clear that the maternal grandparents' ability to pay restitution did not factor into the court's decision. And we find unavailing Juvenile's reliance on *In re Eric L.*, 189 Ariz. 482, 486-87 (App. 1997), in which the court was unaware that it could order partial restitution based on the juvenile's age. *See id.* Nothing suggests that is the case here. There is thus no need to remand the case for reconsideration of an award of partial restitution.

**CONCLUSION**

**¶32** We affirm the superior court's restitution order, except that we vacate the portion of the order finding the grandparents jointly and severally liable.



AMY M. WOOD • Clerk of the Court
FILED: AA